Commonwealth *v*. Taub, Appellant.

Argued March 23, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*Nathan Berlant,* with him *William Taub,* in propria persona, for appellant.

*Malcolm W. Berkowitz,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY RHODES, P. J., April 14, 1953:

Defendant was convicted on two bills of indictment—No. 294, November Sessions, 1950, Court of Quarter Sessions of Philadelphia County, and No. 295, November Sessions, 1950, Court of Quarter Sessions of Philadelphia County. Bill No. 294 charged fraudulent conversion under section 834 of The Penal Code, Act of June 24, 1939, P. L. 872, 18 PS §4834, and bill No. 295 charged (1) larceny by bailee under section 816 of the Code, 18 PS §4816, and (2) fraudulent conversion under section 834 of the Code. Appellant was tried on March 12, 1951, before Honorable EDWIN O. LEWIS, sitting without a jury, defendant having waived his right to trial by jury. Appellant was sentenced on bill No. 294[1] to a term of two years in the county prison to be served after the service of the sentence on bill No. 295, which was to a term of not less than two and one-half years nor more than five years in the Eastern State Penitentiary. Defendant did not appeal

---

[1] The testimony was to the effect that defendant obtained $2,000 of one Ethel Portner, which he converted to his own use.

from the judgment of sentence on bill No. 294. This appeal is from the judgment on bill No. 295. Defendant was represented by counsel at his trial. There was no motion made for a new trial.

Defendant questions the sufficiency of the evidence. We can find no merit in this contention. The Commonwealth established as to the charges in bill No. 295 that defendant received a large diamond ring belonging to one Clara Savar for the purpose of having it reset for the owner. There was testimony that the value of the ring was between $2,500 and $9,000. Defendant never returned the ring to the owner, but pawned it and fraudulently converted the proceeds to his own use.

Defendant testified in his own behalf. His defense was that the property was received from the respective parties under agreements which were performed. The credibility of the witnesses and the persuasive sufficiency of all the evidence was for the trial judge. *Com. v. Alessio,* 313 Pa. 537, 545, 169 A. 764; *Com. v. Katz,* 138 Pa. Superior Ct. 50, 56, 10 A. 2d 49. Commonwealth's evidence, which it would be difficult for the trier of the facts not to accept, sustains the conviction on both counts of bill No. 295. See *Com. v. Bovaird,* 373 Pa. 47, 62, 95 A. 2d 173; *Com. v. Schuster,* 158 Pa. Superior Ct. 164, 167, 44 A. 2d 303. The sentence of the court was proper under either count.

Defendant for the first time contends in his brief that he has discovered evidence which would substantiate his version of the various transactions. At most, the after-discovered evidence as set forth in defendant's brief would be merely cumulative or corroborative of the testimony presented by defendant at the trial as to the absence of a bailment and as to the alleged ownership of the property. Even if the question had been properly raised such alleged after-discovered evi-

dence would not be a sufficient reason for a new trial. *Com. v. Coroniti,* 170 Pa. Superior Ct. 245, 250, 85 A. 2d 673.

The final contention of defendant is that he should be granted a new trial as court appointed counsel did not present a competent defense. There is nothing in the record to justify any reflection upon the competency or conduct of defendant's counsel. On the contrary, defendant's counsel fully cross-examined the Commonwealth witnesses and provided full opportunity for defendant to present his defense. See *Com. ex rel. Smilley v. Claudy,* 172 Pa. Superior Ct. 247, 93 A. 2d 894; *Com. v. Thompson,* 367 Pa. 102, 106, 107, 79 A. 2d 401; *United States ex rel. Darcy v. Handy,* 97 F. Supp. 930, 940; *Achtien v. Dowd,* 117 F. 2d 989, 992, 993.

Judgment is affirmed.