Commonwealth *v.* Thompson et al., Appellants.

Submitted April 9, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Robert Thompson* and *Edwin Lewis,* appellants, in propria persona.

*Edward C. Boyle,* District Attorney and *William Claney Smith,* Assistant District Attorney, for appellee.

OPINION BY GUNTHER, J., July 17, 1956:

These are separate appeals by Robert Thompson and Edwin Lewis from their convictions for a series of burglaries. Since each appeal involves identical issues, we will dispose of them together.

Appellants were charged with 32 different acts of burglary and receiving stolen goods in the Court of Oyer and Terminer of Allegheny County, which occurred between October, 1952 and January, 1953. Not only appellants were involved in these burglaries, but also a Paul Stertz who previously pleaded guilty to his complicity. At that time, Paul Stertz absolved the appellants.[1] In the trial of the appellants, Stertz recanted his testimony absolving them and detailed the part appellants took in the various burglaries. The trial of the appellants was conducted before Honorable RUSSELL H. ADAMS[2] sitting without a jury, the right to a jury trial having been previously waived, and they

---

[1] He testified that since he received a sentence of five to ten years, he wanted to "turn them loose." In the trial of appellants, he recanted his previous testimony because he didn't "want to stick my neck in a noose—don't want to get tried for no perjury."

[2] Subsequently, Judge ADAMS died on March 19, 1956.

were found guilty on ten indictments (Nos. 36, 39, 41, 43, 47, 48, 49, 50 and 63 February Sessions, 1953). On indictment No. 41 February Sessions, 1953, they were sentenced to undergo imprisonment of not less than eight years nor more than sixteen years and sent to the Western Correctional Diagnostic and Classification Center of Pennsylvania. Sentence on the remaining indictments was suspended.

From this sentence appellants have taken these appeals in which they question their convictions on the testimony of Stertz. Appellants attack the competency of Stertz to testify because allegedly committing perjury and because he was a self-confessed accomplice in the burglaries charged.

The contentions of appellants cannot be sustained.

The uncorroborated testimony of an accomplice may sustain a conviction: *Commonwealth v. DeMasi*, 234 Pa. 570, 83 A. 430; *Commonwealth v. Elliott*, 292 Pa. 16, 140 A. 537; *Commonwealth v. Billingsley*, 160 Pa. Superior Ct. 140, 50 A. 2d 703; *Commonwealth v. Ballow*, 171 Pa. Superior Ct. 54, 90 A. 2d 363. While the record shows that Stertz was the only witness on proof relating to the criminal agency of appellants, numerous other witnesses testified as to the burglaries and the items of property stolen. There was ample corroboration as to the commission of the burglaries.

The appellants contend, in addition, that the testimony of Stertz was perjured because at his trial he absolved appellants from these burglaries, whereas later on he changed his testimony to involve them. Whatever testimony was given by Stertz on his own plea of guilty cannot be considered as material in determining the guilt or innocence of the appellants at that time. That issue was not involved in the trial of Stertz. Even if such testimony was contradictory to that given later in appellants' trial, such testimony does not become *ipso*

*facto* perjured. The witness Stertz did admit that he testified falsely in his own hearing but he now desired to tell the truth. Such repudiation of prior testimony does not disqualify a witness from testifying. No proceedings were instituted or pending for alleged perjury and he was not indicted or convicted of perjury. He was, therefore, competent to testify. *Commonwealth v. Lewandowski et al.,* 74 Pa. Superior Ct. 512; *Commonwealth v. Billingsley,* supra; *Commonwealth v. Shadduck,* 168 Pa. Superior Ct. 376, 77 A. 2d 673. Such repudiation affects only his credibility. *Commonwealth v. Alessio,* 313 Pa. 537, 169 A. 764; *Commonwealth v. Taub,* 173 Pa. Superior Ct. 165, 96 A. 2d 188. And in view of the fact that a jury trial was waived, the credibility of this witness and the persuasive sufficiency of the evidence was for the trial judge. *Commonwealth v. Taub,* supra.

A careful examination of the trial record convinces us that there was ample evidence upon which the conviction was based and the judgment is accordingly affirmed.