## Commonwealth *v.* Lawrence et al., Appellants.

Argued June 20, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*H. L. Randolph,* with him *Moore, Lightfoot & Edley,* for appellants.

*Samuel J. Halpren,* District Attorney, for Commonwealth, appellee.

OPINION BY GUNTHER, J., September 16, 1960:

Appellants, Carl Lawrence and Charles Lawrence, were each convicted under the second count of each of three indictments charging appellants with issuing fraudulent instruments. The second count in each of the indictments set forth that each appellant "did then and there unlawfully, feloniously and fraudulently cause and procure the fraudulent uttering and publishing of a . . . check . . . knowing that the name of Theodore Johnson, the purported endorser of the said check, had been forged to the prejudice of another's right . . ." Carl Lawrence was sentenced to undergo imprisonment of not less than nine months nor more than eighteen months in the Chester County Farms and was fined $200.00 and costs. Charles Lawrence was sentenced to the same institution for not less than seven and one-half months nor more than eighteen months and to pay a fine of $200.00 and costs. These appeals are from the sentences of conviction.

At the request of appellants, Earl Gates was handed three checks to endorse the name of the payee on each check. The checks were each in the amount of $80.00 and were drawn on the National Bank of Chester County and Trust Company by a drawer named Shreik and made payable to Theodore Johnson. Earl Gates was known to appellants for more than a year prior to this transaction and they knew he was not Theodore Johnson. After the checks were endorsed, appellants and Gates went in Carl Lawrence's automobile to three stores in the Borough of West Chester. He entered into the stores of County Kar Parts, R. S. Green & Son, and Montgomery Ward and Company where certain purchases were made, the checks credited for payments, and the balance of the checks were turned over to him in cash. Gates returned to the car with the merchandise and the cash. According to Gates, the kind of merchandise to be procured was specified in each instance by appellants and the cash was turned over by him to them. As they were heading out of West Chester, they were apprehended by the police and, upon questioning, Gates admitted endorsing the checks but implicated appellants as the persons who requested him to do so.

At the conclusion of the Commonwealth's evidence the appellants demurred and the demurrer was overruled. Subsequent to the return of guilty verdicts by the jury, appellants made motions for a new trial and in arrest of judgment which were refused by the court below. On this appeal, they contend that it was incumbent on the Commonwealth to prove that the signature of the drawer of the checks was forged; that since the only evidence against them was the testimony of an accomplice, which was confused, such testimony created reasonable doubt as a matter of law and the motion in arrest of judgment should have been granted,

and that the trial court failed to explain each count of the indictments to the jury, thereby creating confusion in their minds.

We find no merit in any of these contentions. The evidence disclosed that appellants must have known that they were seeking and did obtain the endorsement of these checks by one they knew had no legal right to these checks. They knew that Gates was not the payee of the checks but, nevertheless, prevailed upon Gates to endorse them as the payee. Since their intention was to pass these checks and they knew that a forgery was committed by Gates at their request, the crime was made out. It made no difference whether the signature of the drawer of the check was genuine or forged. The endorsement was forged and each appellant was found guilty of having procured such endorsement.

Where there is proof of a combination for an unlawful purpose by several persons, any act done by one party in pursuance of a concerted plan is the act of all and proof of such act is evidence against all others engaged in the unlawful plan or design. *Commonwealth v. Sheaffer,* 149 Pa. Superior Ct. 51, 23 A. 2d 215. If one aids and abets in the commission of a crime, he is guilty as a principal. *Commonwealth v. Strantz,* 328 Pa. 33, 195 A. 75. The testimony of Gates, an admitted accomplice, had to be carefully scrutinized by the jury and the court had to charge the jury on the effect of such testimony. The court below did so charge and if appellants desired more to be said on this phase of the charge, they should have requested it. The accomplice was competent to testify as to the material facts in issue. His credibility was for the jury. A conviction may be sustained on the uncorroborated evidence of an accomplice. *Commonwealth v. Elliott,* 292 Pa. 16, 140 A. 537. In the instant case, however, the testimony of the accomplice was corroborated in material

respects. Representatives of the stores that were defrauded testified that the checks involved were taken by them in return for items of merchandise and cash. The items of merchandise purchased and the amount of cash given in each instance agreed with the testimony of the accomplice.

Finally, it may be said that the jury understood the various items of the charge as they related to the several indictments, for they brought in a verdict of guilty only on that phase of the case on which the evidence clearly sustained their verdict. No request for further clarification was made by appellants and they cannot now be heard to complain. If further clarification was needed, it should have been specifically requested. The charge of the court below was eminently fair to appellants and their convictions were free from error.

The judgments of sentences are affirmed.