## Commonwealth *v.* Pressel, Appellant.

Argued December 15, 1960; submitted March 13, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Lewis H. Markowitz,* with him *Hugh D. Manifold,* for appellant.

*Jesse L. Crabbs,* First Assistant District Attorney, with him *Frank B. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY ERVIN, J., March 22, 1961:

The defendant, Francis Pressel, was tried and convicted on the charges of burglary and larceny. Following the dismissal of motions for a new trial and in ar-

rest of judgment an appeal was taken. The appeal was quashed, it being interlocutory because it was taken before the imposition of sentence. Sentence was then imposed and the present appeal was taken.

The appellant presented the following point for charge: "You are instructed that the Commonwealth relies heavily on the testimony of Ervin Billet and Jack Treadway, who are accomplices, since they allegedly cooperated with the Defendant in the commission of the crimes charged. You are to closely scrutinize their testimony and accept it with caution. You are further instructed that the testimony of Billet and Treadway is not to be used by you to corroborate each other's story. In considering their testimony, you must remember that it comes from a polluted source and that it is unsafe to convict on the testimony of an accomplice." In disposing of this point the trial judge said: "I think I have covered No. 3 properly, Mr. Markowitz." An exception was allowed to the ruling. In his general charge the trial judge had properly charged on the subject of scrutinizing an accomplice's testimony with care but had failed to say that the testimony of one accomplice may not be used to corroborate the testimony of another accomplice. The refusal to charge on the subject of corroboration after having been specifically requested to do so was, in our judgment, reversible error and, unfortunately, makes necessary the granting of a new trial. In *Com. v. Finkelstein et al.*, 191 Pa. Superior Ct. 328, 335, 156 A. 2d 888, we said: "If counsel for the defense desired the court to say to the jury that it should not consider the testimony of one or more alleged accomplices to corroborate the testimony of another accomplice, it should have presented a point to the court for this purpose."

Since a new trial is to be had, we desire to call to the court's attention several other matters.

The appellant presented two witnesses who testified that his reputation for truth and veracity in the community in which he lives was good. It is the law of this Commonwealth that the proof of character must be limited to the general reputation of the defendant with respect to the particular offense charged: *Com. v. Colandro,* 231 Pa. 343, 355, 80 A. 571, 575; *Com. v. Thomas,* 282 Pa. 20, 24, 127 A. 427, 428; *Com. v. Tkech,* 97 Pa. Superior Ct. 489, 490; *Com. v. Stefanowicz,* 118 Pa. Superior Ct. 79, 81, 179 A. 770, 771.

We are of the opinion, however, that truth and veracity are traits which accompany an honest man and not a thief or robber. In *Wachstetter v. State,* 50 American Reports 94, 99 Indiana 290, it was said: "In other words, counsel imply, if they do not assert, that there is no proper or legal connection between a man's reputation for truth and veracity and his reputation for integrity or honesty; that while he may have the reputation of being a thief and a highwayman, his reputation for truth and veracity may still be good.

"We are not inclined to adopt this view of the question under consideration. Truth or veracity is a trait of the man of integrity or honesty; it is never the trait of the thief or robber. The reputation for dishonesty or criminal conduct is, we think, utterly inconsistent with a good reputation for truth and veracity."

The trial judge, in his general charge to the jury, said that an alibi "is an affirmative defense, of course, and must be proven to your satisfaction by the defendant's testimony." Defendant's counsel presented a point for charge which contained an erroneous statement to the effect that the appellant had the burden of proving his alibi by a preponderance of the evidence. In *Com. v. Bonomo,* 396 Pa. 222, 231, 151 A. 2d 441, the Supreme Court said: "The Commonwealth has the burden of proving every essential element necessary for

conviction. If the defendant traverses one of those essential elements by evidence of alibi, his evidence will be considered by the jury along with all the other evidence. It may, either standing alone or together with other evidence, be sufficient to leave in the minds of the jury a reasonable doubt which, without it, might not otherwise exist." See also *Com. v. Johnson*, 191 Pa. Superior Ct. 315, 156 A. 2d 605.

Several other trial errors were argued by the appellant but in view of our disposition of the case they need not be here discussed.

Judgment is reversed and a new trial is granted.