## Commonwealth *v.* Shelbert, Appellant.

210

Submitted March 20, 1961.  Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Leon Shelbert,* appellant, in propria persona.

*Sanford S. Marateck,* Assistant District Attorney, and *H. F. Bonno,* District Attorney, for appellee.

OPINION BY RHODES, P. J., June 15, 1961:

Defendant was found guilty by a jury on an indictment charging robbery by assault and force.  Defendant's motions for new trial and in arrest of judgment were overruled, and the trial judge imposed a sentence of not less than four years nor more than eight years. On appeal to this Court, defendant Shelbert raised the

question whether the Commonwealth's evidence as to identification of the defendant was sufficient to sustain the conviction.

The evidence produced at the trial discloses the following: The prosecutor, John G. Fisher, of Brooklyn, New York, a former resident of Shamokin, Pennsylvania, arrived in Shamokin on the evening of July 3, 1959, for a visit. Fisher spent the afternoon and evening of July 4th drinking in various bars in Shamokin. About one o'clock in the morning on July 5th, Fisher went to Independence Street, near Liberty, and waited for a taxicab to take him to a picnic being held at Bunker Hill, adjoining the eastern limits of Shamokin. Appellant and his codefendant, John Calvin Tyson, who were strangers to Fisher, approached Fisher and inquired where he was going. Upon Fisher's informing them of his destination, appellant and Tyson replied they were also going to Bunker Hill. At the suggestion of the two defendants, all three of the men drove in a taxi to the picnic grounds. After Fisher paid the cab fare, they walked over to the picnic booths. Fisher bought some tickets at one stand, then walked over to another stand and bought a beer for himself and the two defendants.

Thereafter Fisher decided to return to Shamokin; he walked down the hill, looking for a path leading to the street below. Proceeding about fifty feet from the beer stand, and near a clump of bushes, Fisher looked back and observed the two defendants, Tyson and Shelbert, running toward him. One defendant grabbed the prosecutor and threw him to the ground; another took about $60 in bills and change from his pockets. Fisher testified that, after permitting him to get up, one of the defendants said to him, "Where is the fifty?" Fisher replied that he had no fifty. Fisher walked back to the beer stand, complained that he had just been "rolled," and then reported the matter to the police in Shamokin.

At the trial, Fisher definitely stated that Tyson and Shelbert were the men who assaulted and robbed him. At a police line-up, held before the trial, Fisher immediately identified the defendant Tyson, then picked a second man who was not the defendant Shelbert. According to Fisher's own testimony, on a second try at the police line-up, he picked out the defendant Shelbert as the other assailant. On the other hand, defendant produced witnesses whose testimony tended to show that Fisher did not identify Shelbert in the police line-up until the third attempt. In his charge the trial judge carefully reviewed the testimony in relation to identification, and instructed the jury at length as to the standards that should be applied to such evidence.

Identity of the defendant must be proved beyond a reasonable doubt, the same as any other essential element in a criminal prosecution. *Com. v. Bird,* 152 Pa. Superior Ct. 648, 651, 33 A. 2d 531. However, a weak identification, together with other evidence in the case, may be sufficient to convince a jury of the defendant's guilt beyond a reasonable doubt—the credibility of the witnesses and the weight to be given their identification are, under proper instructions from the court, exclusively for the jury. *Com. v. Kloiber,* 378 Pa. 412, 425, 106 A. 2d 820.

In the instant case, Fisher was in the company of the appellant during the ride to the picnic grounds as well as at the picnic grounds. Appellant did not therefore leap upon him as a stranger in the darkness. Fisher made positive identification of the appellant at the trial. His failure to identify the appellant at a line-up until a second or later attempt may have served to weaken the positive identification at the trial, but it did not wholly negate such identification. See *Com. v. Ricci,* 161 Pa. Superior Ct. 193, 195, 54 A. 2d 51; *Com. v. Foerst,* 161 Pa. Superior Ct. 111, 113, 53 A. 2d 847.

There was sufficient evidence of identification to support the conviction. The trial judge properly charged the jury relative to the law dealing with identification under the facts present in this case.

The evidence was for the jury and the conviction is sustained. The motions in arrest of judgment and for a new trial were properly refused. Cf. *Com. v. Tyson,* 194 Pa. Superior Ct. 593, 168 A. 2d 785.

Judgment of sentence is affirmed.