Commonwealth *v.* Pressel, Appellant.

Argued June 13, 1962. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*J. Edward Pawlick,* for appellant.

*John T. Miller,* First Assistant District Attorney,
with him *Daniel W. Shoemaker,* District Attorney, for
Commonwealth, appellee.

OPINION BY WRIGHT, J., September 13, 1962:

Francis Pressel was indicted in the Court of Quarter Sessions of York County on charges of burglary, larceny and receiving stolen goods. At the first trial a demurrer was sustained as to the charge of receiving stolen goods, and the jury returned a verdict of guilty on the charges of burglary and larceny. Following the imposition of sentence, an appeal was taken and this court granted a new trial on the ground that the trial judge erred in refusing one of appellant's points for charge: *Commonwealth v. Pressel*, 194 Pa. Superior Ct. 367, 168 A. 2d 779. At the second trial Pressel was again convicted of burglary and larceny. Motions for a new trial and in arrest of judgment were overruled, and sentence was imposed. This appeal followed.

The sole question raised by appellant's present counsel is thus stated: "Was the testimony sufficient to sustain the verdict?" When a defendant in a criminal case challenges the sufficiency of the evidence produced to convict him, the appellate court must view the evidence in the light most advantageous to the Commonwealth, in whose favor the jury's verdict resolved all controverted factual questions and the reasonable inferences to be taken from the testimony: *Commonwealth v. Ballow*, 171 Pa. Superior Ct. 54, 90 A. 2d 363. See also *Commonwealth v. Butler*, 189 Pa. Superior Ct. 399, 150 A. 2d 172; *Commonwealth v. Anderson*, 191 Pa. Superior Ct. 213, 156 A. 2d 624. It will be necessary to briefly summarize the trial record.

In the early morning of October 15, 1958, there was a burglary at the Luckenbaugh Garage, 231 North Main Street, in Spring Grove, York County. It was the theory of the Commonwealth that this burglary was committed by three young men, namely, Ervin E. Billet, Jack Treadway, and Francis Pressel, this appellant. The proprietor of the garage, who lived at

221 North Main Street, with no building intervening, was awakened by the burglar alarm. He was able to see three persons moving about in the garage service department, illuminated by night lights, but could not identify them. He called the Chief of Police of Spring Grove, Joseph Rutter, since deceased. He then dressed, went to the garage, and found a 1958 Chevrolet automobile missing, also several spot lights and a pair of tires. Donald A. Young, who lived directly across the street from the garage, observed Officer Rutter's car approaching and the 1958 Chevrolet backing out of the garage with two occupants. Mr. Young rushed out to assist the officer, got in the officer's car, and he and the officer started in pursuit of the 1958 Chevrolet. As they pulled away, Young noticed a 1949 Ford coming from the side of the garage. This Ford followed along behind the Rutter car. The license number of the Ford was MO-2801, later shown to have been issued to Francis Pressel, the appellant. Having failed to catch the Chevrolet, Rutter flagged down the Ford, which had only one occupant. Young observed three spot lights on the back seat. When Rutter reached in to grab the ignition key, the occupant accelerated the motor and pulled away. Rutter and Young followed, but again lost the car.

The witnesses for the Commonwealth, in addition to Luckenbaugh and Young, were Billet and Treadway, who had pleaded guilty and had been sentenced. Billet testified that the burglary was planned with Treadway and Pressel, that the three of them went to the garage in Pressel's Ford car with Pressel driving, that Pressel parked his car at the side of the garage and all three entered, that two tires were put in the Chevrolet automobile and three spot lights were put in Pressel's Ford, that as he and Treadway were leaving the garage in the Chevrolet, Rutter appeared and they got away, that the plan was for Pressel to follow in his Ford,

that Pressel later told him and Treadway about being stopped by Rutter and escaping. Treadway gave substantially the same testimony as Billet.

After a demurrer to the evidence had been overruled, appellant took the stand in his own defense. He denied any connection with the burglary, denied any conversation with Billet and Treadway after the burglary, and testified that he was home in bed on the night in question. He stated that he had parked his Ford in the driveway with the keys in it, and that it was missing the next morning. A number of witnesses testified as to appellant's good reputation for truth and veracity.

Of particular significance is the fact that, at the request of appellant's trial counsel, Billet and Treadway were sequestered as witnesses yet their testimony on all material matters was practically identical. It should also be noted that the statements of Billet and Treadway regarding appellant's participation in the burglary were clear and precise and did not vary during the course of the two trials. On the other hand, as the jury apparently found, appellant's testimony was unconvincing. He produced no witnesses as to his alibi, and did not dispute the fact that his car was used to participate in the burglary.

It is of course true that the testimony of an accomplice should be received with caution and must be scrutinized with care: *Commonwealth v. Finkelstein,* 191 Pa. Superior Ct. 328, 156 A. 2d 888. However, the uncorroborated testimony of an accomplice may sustain a conviction: *Commonwealth v. Thompson,* 181 Pa. Superior Ct. 572, 124 A. 2d 180; *Commonwealth v. Lawrence,* 193 Pa. Superior Ct. 75, 163 A. 2d 690; *Commonwealth v. Elliott,* 292 Pa. 16, 140 A. 537. At the second trial, presently under review, the trial judge was careful in his charge to caution the jury against using the testimony of one accomplice to

corroborate the other. See *Commonwealth v. Pressel,* supra, 194 Pa. Superior Ct. 367, 168 A. 2d 779. His instructions as to the manner in which the jurors were to examine the testimony of Billet and Treadway were clear and explicit, and appellant's rights were fully and adequately protected.

The principal argument advanced on appellant's behalf is based on the following colloquy during the testimony of Donald A. Young: "Q. How long in all did you have an opportunity, would you say, to look into the [Ford] car when you were standing beside it? A. We had a good look at the fellow, and the time element, that's questionable there; I could say maybe 4 or 5 seconds, 10 seconds, but we both had a good glimpse at the fellow. Q. Would you be able to identify him? A. To the best of my knowledge. Q. Would you point him out if you can see him? A. No, sir, I don't see him". It is contended that the effect of Young's testimony was that appellant was not the man in the Ford at the scene of the crime, and that this testimony completely refuted the testimony of the alleged accomplices, Billet and Treadway. On the contrary, we agree with the court below that Young's statement "was decidedly different from testifying affirmatively that the defendant was not the driver".

In his charge in the instant case, the trial judge carefully reviewed the testimony as it related to the issue of identification, and properly submitted that issue to the jury. Cf. *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A. 2d 820. The jury chose to believe the two witnesses who were well acquainted with appellant, who had been with him all evening, and who detailed the part he had taken in the burglary. Young did not testify that appellant was not one of the three participants. At most, the effect of his statement was that he could not identify appellant as the driver of the Ford car. In the words of President Judge RHODES

in *Commonwealth v. Shelbert*, 195 Pa. Superior Ct. 209, 171 A. 2d 574: "Identity of the defendant must be proved beyond a reasonable doubt, the same as any other essential element in a criminal prosecution. . . However, a weak identification, together with other evidence in the case, may be sufficient to convince a jury of the defendant's guilt beyond a reasonable doubt—the credibility of the witnesses and the weight to be given their identification are, under proper instructions from the court, exclusively for the jury".

In summary, our review of this record discloses that appellant had an eminently fair trial and that the verdict of the jury was supported by the evidence. We are all of the opinion that the determination of the case by the court below should not be disturbed.

The judgment is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.