## Commonwealth *v.* McDaniel, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Before ATKINS, P. J.

*Hugh S. Rebert,* Assistant Public Defender, for appellant.

*Joel O. Sechrist,* Assistant District Attorney, *Morrison B. Williams,* First Assistant District Attorney, and *Donald L. Reihart,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., April 3, 1974:

During the early morning hours of June 14, 1970, the Halfway Tavern in York County was broken into, the cigarette machine emptied, and various other items, including a television, were removed. Appellant was later arrested and charged with the burglary, and at trial the Commonwealth's sole incriminating witness, James Lee Buckmyer, testified that at the initiation of appellant, the burglary was planned at Buckmyer's mother's home. Buckmyer also testified that he, appellant and two others drove to the tavern and committed the burglary about two hours later. The television set was later found by the police in the home of Buckmyer's mother.

Appellant testified in his own behalf, and denied any involvement in the burglary. He was found guilty by a jury of burglary, larceny and receiving stolen goods, and sentenced to two to five years imprisonment.

Appellant contends that the evidence presented by the Commonwealth was insufficient to support the findings of the jury. Specifically, appellant contends that

because Buckmyer was a minor and an accomplice, and may have been influenced improperly by his mother and the prosecution, he should not have been considered a credible witness. We find no merit to this argument and will affirm the Judgment of Sentence.

Buckmyer was sixteen years of age at the time of the burglary, eighteen at the time of trial, and without proof of extenuating circumstances, is presumed to be mature enough to observe events and testify as to the same. Cf. *Commonwealth v. Goldman*, 127 Pa. Superior Ct. 523, 193 A. 112 (1937). There is nothing in this record that indicates or is evidence to the contrary.

As an accomplice to the acts of appellant, the credibility of Buckmyer's testimony is for the jury to decide. *Commonwealth v. Elliott*, 292 Pa. 16, 140 A. 537 (1928). It has often been held that the uncorroborated testimony of an accomplice may sustain a conviction. *Commonwealth v. Pressel*, 199 Pa. Superior Ct. 16, 184 A. 2d 358 (1962); *Commonwealth v. Lawrence*, 193 Pa. Superior Ct. 75, 163 A. 2d 690 (1960); *Commonwealth v. Elliott, supra.* However, the testimony of an accomplice should be received with caution and scrutinized with care. *Commonwealth v. Finkelstein*, 191 Pa. Superior Ct. 328, 156 A. 2d 888 (1959). From an examination of the record, it is evident that the necessary caution was exercised by the trial court in light of the allowance of considerable latitude in cross-examination and in its extensive charge to the jury.

Appellant's contention that Buckmyer was improperly influenced by promises of leniency by the Commonwealth in exchange for his testimony is not supported by the record. In response to questioning by defense counsel, Buckmyer denied all allegations of promises: "Q. Now, did you talk with any of the State Police about this? A. One, just the one sitting there . . . Q. Did he offer you any offer of help if you were to testify against anyone? A. No. Q. He didn't say things

would go easy on you? A. No. Q. He didn't tell you that you would not be brought, charged as a juvenile? A. No." The record also does not support appellant's claim that Buckmyer's mother adversely influenced the witness because of ill feelings between the mother and appellant's family; appellant's own testimony indicated that "not to [his] knowledge" were there ill feelings between the two families. However, this too was fully and properly included in the trial court's instructions to the jury concerning Buckmyer's credibility.

For the above reasons and after viewing the evidence in the light most favorable to the Commonwealth, *Commonwealth v. Young*, 446 Pa. 122, 285 A. 2d 499 (1971), we feel that the jury was justified in its conclusions.

The judgment of sentence of the lower court is affirmed.