J-S45041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCISCO DELEON, JR., | |
| Appellant | No. 68 WDA 2016 |

Appeal from the PCRA Order November 24, 2015
in the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0001531-1999

BEFORE:  OLSON, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JULY 26, 2016**

Appellant, Francisco DeLeon, Jr., appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

The relevant facts and procedural history of this case are as follows. On March 9, 2000, a jury found Appellant guilty of first-degree murder and related offenses.  The conviction stems from Appellant's participation in the stabbing death of Martin Ondreako, during which Appellant and three other individuals stabbed Ondreako multiple times, in retaliation for Ondreako's cooperation in a police investigation.  The trial court sentenced Appellant to an aggregate term of incarceration of life, plus not less than 240 nor more

_____

[*] Retired Senior Judge assigned to the Superior Court.

than 480 months. This Court affirmed the judgment of sentence on September 28, 2001. (*See Commonwealth v. DeLeon*, 788 A.2d 1027 (Pa. Super. 2001) (unpublished memorandum)). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 19, 2002. (*See Commonwealth v. DeLeon*, 796 A.2d 978 (Pa. 2002)).

On August 21, 2002, Appellant, acting *pro se*, filed his first PCRA petition. Appointed counsel filed an amended petition on July 8, 2004. The PCRA court entered an order dismissing the petition on March 18, 2005, following an evidentiary hearing. This Court affirmed the PCRA court's order on December 9, 2005, and our Supreme Court denied Appellant's petition for allowance of appeal on April 28, 2006. (*See Commonwealth v. DeLeon*, 894 A.2d 816 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 898 A.2d 1069 (Pa. 2006)).

On October 27, 2015, Appellant filed the instant *pro se* PCRA petition. On November 2, 2015, the PCRA court issued notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907(1). On November 24, 2015, the court entered its order dismissing the petition. This timely appeal followed.[1]

Appellant raises the following questions for our review:

_____

[1] Pursuant to the PCRA court's order, Appellant filed a timely concise statement of errors complained of on appeal on January 28, 2016. The court entered an opinion on February 1, 2016, in which it referred this Court to the Rule 907 notice for the reasons for dismissal. *See* Pa.R.A.P. 1925.

    1. Was trial counsel ineffective for not requesting a **Pressel**[2] charge during trial when [the] prosecutor made reference to "corroborating" statements of codefendants?

    2. Was PCRA counsel ineffective for not raising trial counsel[']s error during initial post-conviction proceedings thereby waiving petitioner[']s right to review?

(Appellant's Brief, at 2) (unnecessary capitalization omitted).

    Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013)

(citations and internal quotation marks omitted).

"Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

    A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration

---

[2] ***Commonwealth v. Pressel***, 168 A.2d 779 (Pa. Super. 1961) (one accomplice's testimony cannot be used to corroborate another accomplice's testimony).

of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In this case, Appellant's judgment of sentence became final on June 17, 2002, when his time to file a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** U.S. Sup. Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had one year from that date to file a petition for collateral relief, specifically, until June 17, 2003. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on October 27, 2015, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. ***See id.*** at § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

"If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted). Our Supreme Court "has repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Hawkins**, 953 A.2d 1248, 1253 (Pa. 2008) (citation omitted). Therefore, an appellant must acknowledge that his PCRA petition is untimely, and demonstrate that one or more of the statutory exceptions applies. **See Commonwealth v. Wharton**, 886 A.2d 1120, 1125-26 (Pa. 2005).

Here, in his brief, Appellant does not acknowledge that his PCRA petition is facially untimely, or attempt to demonstrate the applicability of **any** of the enumerated exceptions. (**See** Appellant's Brief, at 2-5). Therefore, we conclude that Appellant has not met his burden of proving his untimely petition fits within one of the three limited exceptions to the PCRA's time-bar. **See Jones**, *supra* at 17; **Hawkins**, *supra* at 1253.

Moreover, to the extent that Appellant attempts to invoke all three exceptions to the time-bar in his PCRA petition based on his ineffective assistance of counsel claims, (**see** PCRA Petition, 10/27/15, at 3), "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." **Wharton**, **supra** at 1127 (citation omitted). Therefore, we conclude that the PCRA court properly dismissed Appellant's petition as untimely with no exception to the time-bar pleaded or proven. **See Barndt**, **supra** at 191-92. Accordingly, we affirm the order of the PCRA court.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/26/2016