J-A10042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: R.C.-C., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: R.C.-C., A MINOR | : : : : : : : : | |
| | : | No. 425 EDA 2023 |

Appeal from the Dispositional Order Entered December 13, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-JV-0001447-2022

BEFORE:   PANELLA, P.J.E., BECK, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 11, 2024**

Appellant, a juvenile, was adjudicated delinquent after the lower court found Appellant committed theft by receiving stolen property, graded as a felony of the third degree.[1] Appellant challenges the exercise of the adjudication court's discretion with respect to two evidentiary rulings. We reverse with respect to one, and remand for a new adjudicatory hearing.

Appellant was arrested on or about November 13, 2022, and charged with theft by receiving stolen property and unauthorized use of a motor vehicle. Adjudication Court Opinion, 2. The adjudicatory hearing was held on December 13, 2022, at which time the Commonwealth withdrew the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3925(a).

unauthorized use charge. The adjudication court accurately summarized the evidence presented at the hearing, as follows:

> The first witness to testify was Philadelphia Police Officer Carlos Diaz, Badge Number 2498, assigned to the 19th District. Officer Diaz testified that his tour of duty on November 13, 2022, took him to the area of the 5700 block of 57th Street and Market Street. (N.T. 12/13/22, pg. 6). At that time, the Officer came into contact with [Appellant], who was identified in the courtroom by point of finger and article of clothing. (N.T. 12/13/22, pg. 7). Officer Diaz and his partner were patrolling the area and "observed a white Kia Optima driving at a high rate of speed southbound on 59th Street." (N.T. 12/13/22, pg. 7). The Officers were "three to four car lengths" from the vehicle when they first observed the vehicle. (N.T. 12/13/22, pg. 8). Officer Diaz testified that he believed [Appellant] saw him and his partner at this point. (N.T. 12/13/22, pg. 8). The Officers tried to speed up to catch up with the vehicle, but the vehicle did not stop and continued at a high rate of speed, then turning eastbound on Chestnut [S]treet and ignoring stop signs and red lights. (N.T. 12/13/22, pg. 7). The vehicle continued onto Peach Street going southbound, but is blocked by another vehicle. (N.T. 12/13/22, pg. 7). At this point, Officer Diaz's partner activates their lights. (N.T. 12/13/22, pg. 7). [Appellant] is then seen exiting the driver's side door and fleeing on foot. (N.T. 12/13/22, pgs. 7-8). Officer Diaz pursues [Appellant] on foot for several blocks before taking him into custody. (N.T. 12/13/22, pg. 8). The vehicle was reported in stolen status. (N.T. 12/13/22, pg. 9). Officer Diaz testified he has been a police officer for five years and within that time has dealt with over 50 stolen vehicles. (N.T. 12/13/22, pg. 10). He testified that the vehicle here had a broken rear window and the steering column ripped off, which was consistent with stolen vehicles in his experience. (N.T. 12/13/22, pg. 10).
>
> The second witness to testify was the [Appellant's] mother, who testified that [Appellant] has reputation for law-abidingness. (N.T. 12/13/22, pgs. 13-14).

Adjudication Court Opinion, 3-4 (footnote omitted).

Based on this evidence, which reflects the evidentiary rulings challenged on appeal, the court found Appellant committed theft by receiving stolen

property, the Kia Optima, and adjudicated Appellant delinquent. N.T. 12/13/22, 19-20. The court deferred a dispositional order until Appellant's two additional cases, scheduled to be heard the following week, were completed. *Id.*, 21.

Appellant filed a timely appeal.[2]

Appellant raises two claims in his appellate brief:

1. Did the lower court err by permitting a Commonwealth witness to testify, over objection, that the car in question had been reported stolen where such testimony was hearsay and no hearsay exception applied? …

2. Did the lower court err by refusing to permit R.C.-C.'s character witness to testify to his reputation in the community for honesty where R.C.-C.'s honesty was relevant to whether he committed the crime of receiving stolen property, a *crimen falsi* offense?

Appellant's Brief, 3.

Because of our disposition of this appeal, we will not address Appellant's first question. With respect to the proffered reputation evidence, Appellant accurately notes that the adjudication court "did not permit [Appellant's mother] to testify to [Appellant's] reputation for honesty." Appellant's Brief, 18. Appellant argues that the proffered testimony was relevant and admissible

---

[2] Appellant filed a timely post-dispositional motion on December 23, 2022. It was denied by an order entered on the docket on February 15, 2023. Appellant filed a Notice of Appeal on February 16, 2023. By rule the post-dispositional motion should have been decided or denied by operation of law by January 22, 2023. Pa.R.J.C.P. 620(D)(1). Although the order denying the motion by operation of law was entered over three weeks late, Pa.R.J.C.P. 620(D)(1), the Notice of Appeal is timely as it was filed within 30 days of the entry of that order. *Commonwealth v. B.H.*, 138 A.3d 15, 19 n.7 (Pa. Super. 2016).

because the charge of theft by receiving stolen property "is a crime of dishonesty." *Id*.

Generally, "[q]uestions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the court's decision on such a question absent a clear abuse of discretion." *Commonwealth v. Crosley*, 180 A.3d 761, 768 (Pa. Super. 2018) (citation omitted). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias or ill-will, or such lack of support so as to be clearly erroneous." *Crosley*, 180 A.3d at 768; *Commonwealth v. Cook*, 231 A.3d 913, 919 (Pa. Super. 2020) (similar). *See also Commonwealth v. DiStefano*, 265 A.3d 290, 297 (Pa. 2021) (appellant cannot meet heavy burden of establishing abuse of discretion by simply persuading appellate court that it may have reached different conclusion than trial court).

"All relevant evidence is admissible, except as otherwise provided by law." Pa.R.E. 402. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Pa.R.E. 401; *Commonwealth v. Yale*, 249 A.3d 1001, 1022 (Pa. 2021). *See also Commonwealth v. Reid,* 811 A.2d 530, 550 (Pa. 2002) ("Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact").

- 4 -

Pennsylvania Rule of Evidence 404(a) broadly prohibits using evidence of an accused's character to establish 'action in conformity therewith' during a criminal proceeding. Pa.R.E.404(a)(1). Nonetheless, in a criminal case, evidence of a pertinent trait of character of the accused is admissible when offered by the accused, or by the prosecution to rebut the same. Pa.R.E. 404(a)(2)(A). **Commonwealth v. Hoover***, 16 A.3d 1148, 1149 (Pa. Super. 2011).*[3] "Pertinent" in this context means relevant to the crime or defense at issue in a criminal case. **Commonwealth v. Minich**, 4 A.3d 1063, 1072 (Pa. Super. 2010).[4] It also is limited to reputation evidence. **Commonwealth v. Medina**, 209 A.3d 992, 997 (Pa. Super. 2019).

_____

[3] In describing the relationship between Rules 404(a) and 608 this Court shed additional light on how Rule 404(a) applies in this case:

> Rule 608(a) permits a testifying defendant to call witnesses to testify as to his or her truthful character whenever the Commonwealth attacks his or her general reputation for truthfulness during trial. Conversely, Rule 404[(a)(2)(A)] permits a defendant (testifying or not testifying) to call witnesses to testify as to his or her truthful character when the defendant's reputation for truthfulness is pertinent to the underlying criminal offense, *e.g.*, perjury.

**Commonwealth v. Kennedy**, 151 A.3d 1117, 1128 (Pa. Super. 2016). Thus, "when truthfulness is not relevant to the underlying criminal offense, a defendant may only call witnesses to testify as to his or her truthfulness when" both (a) the defendant testifies and (b) "the Commonwealth attacks the defendant's truthfulness through either cross-examination or by other witness' testimony." **Id.**

[4] This Court also has described the "pertinency" requirement as referring to an accused's "good reputation in any respect which has 'proper relation to the subject matter' of the charge at issue" and as "traits of character involved in
*(Footnote Continued Next Page)*

In this case, Appellant did not testify. Therefore, the only route by which the proffered evidence could have been admitted would be if Appellant's reputation for truthfulness were a pertinent trait in a prosecution for theft by receiving stolen property. Appellant asserts that it is because the offense charged "is a crime of dishonesty" but does not explain any further. Appellant's Brief, 18. The Commonwealth on appeal concedes that the adjudication court erred on the ground that receiving stolen property is a crime of dishonesty, citing **Commonwealth v. McEnany**, 732 A.2d 1263 (Pa. Super. 1999). Appellee's Brief, 9. The adjudication court also states that Appellant's "character for truthfulness is relevant," and similarly asserts that the crime charged "is considered a crime of dishonesty, or *crimen falsi*," citing both **McEnany** and **Commonwealth v. Ellis**, 549 A.2d 1323 (Pa. Super. 1988). Adjudication Court Opinion, 5.

Neither **McEnany** nor **Ellis** hold that an accused's reputation for truthfulness is a pertinent trait in a prosecution for a theft offense. Rather, they hold that a *conviction* for theft is admissible impeachment evidence under a rule that is now Pa.R.E. 609. **See McEnany**, 732 A.2d at 1271 (holding that prior convictions of robbery and burglary involve "dishonesty" and so are admissible to impeach a testifying defendant's credibility); **Ellis**, 549 A.2d at

_____

the commission of the crime charged*." **Commonwealth v. Johnson**, 27 A.3d 244, 247-248 (Pa. Super. 2011). **Accord Commonwealth v. Goodmond**, 190 A.3d 1197, 1201–02 (Pa. Super. 2018). These definitions of "pertinent" imply more than a mere logical relationship to the elements of an offense but also a factual relationship to the crime charged.

1334 (rejecting Ellis' claim that it was error to be impeached on receiving stolen property conviction, stating that the conviction was "less than ten years old and involved *crimen falsi* offenses"). Under Rule 609, only a prior conviction that "involved dishonesty or false statement" may be used to impeach a testifying witness, and at that only within certain other limits. Pa.R.E. 609(a). It appears to logically follow that an offense for which a conviction could be used to impeach witness credibility under Rule 609 because it involves "dishonesty," such as theft by receiving stolen property, is also an offense for which an accused's reputation for truthfulness would be pertinent. **See Commonwealth v. Pressel**, 168 A.2d 779, 780 (Pa. Super. 1961) (in *dicta*, stating that trait of truthfulness is pertinent to charges of burglary and larceny). **See also Commonwealth v. Alceus**, 315 A.3d 853, 865 n.5 (Pa. Super. 2024) (reviewing an ineffective assistance claim and stating that "[a] theft conviction is pertinent to the trait of truthfulness, not peacefulness" in suggesting that a *crimen falsi* might not be admissible on cross-examination under Rule 404(a)(2)(A)). However, the parties did not cite cases that support this proposition, and our research has not revealed caselaw demonstrating that reputation evidence for truthfulness is always admissible in prosecutions for offenses that may later be used as *crimen falsi* impeachment.[5]

_____

[5] Though related, there are distinctions between the scenarios. Different rules apply, as impeachment with *crimen falsi* is controlled by Rule 609, whereas
*(Footnote Continued Next Page)*

Examining the adjudication court's exercise of discretion on its own terms, we note that the court excluded the evidence at the hearing based on an erroneous application of Rule 608. **See** N.T. 12/13/22, 14.[6] In its opinion, the adjudication court now states that that the proffered evidence was admissible as Appellant's reputation for truthfulness was pertinent to "a crime of dishonesty, or *crimen falsi*." Adjudication Court Opinion, 5. Based upon the apparent parallel between Rule 404(a)'s allowance of testimony reputation for truthfulness where pertinent and Rule 609's allowance of impeachment with *crimen falsi*, we assume the adjudication court is correct that it erred during the hearing. The adjudication court, however, defends its ruling to exclude the evidence on the ground that not all relevant evidence "need always be admitted." Adjudication Court Opinion, 5. We do not accept this claim to be correct, as Rule 404(a)(2) provides the exceptions to Rule 404(a)(1)'s prohibition, and the adjudication court has now determined that the proffered evidence comported with the exception in Rule 404(a)(2)(A). The court cites

---

an accused's right to present evidence of his reputation for truthfulness where pertinent is controlled by Rule 404(a)(2)(A). One applies only where the accused testifies, and the other whether or not the accused testifies. Moreover, whether a trait is "pertinent" may require an evaluation of the relation of the trait to the facts alleged, **see Johnson**, 27 A.3d at 247-248, whereas Rule 609 does not permit evaluation of the underlying facts of a *crimen falsi* conviction prior to it being admitted for impeachment.

[6] The objection by the hearing prosecutor, which was sustained by the adjudication court, was based on **Commonwealth v. Boyd**, 672 A.2d 819 (Pa. Super. 1996). That case concerned reputation evidence to rehabilitate an accused who had testified at trial, which exception is now Rule 608(a)(2). It is not at issue in this appeal because Appellant did not testify.

no other rule that would properly exclude the evidence. We therefore find that the trial court abused its discretion by excluding Appellant's mother's testimony regarding her child's reputation for truthfulness.

Thus, we turn to whether the adjudication court's admitted error was harmless. As this Court has recently written:

> The harmless error doctrine reflects the reality that the accused is entitled to a fair trial, not a perfect trial. Further, harmless error exists if the record demonstrates, *inter alia*, that the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence, or that the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict. An error will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict. This doctrine recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence and promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error.

***Commonwealth v. Copenhaver***, 316 A.3d 1020, 1025 (Pa. Super. 2024) (internal citations and quotation marks omitted)

The adjudication court deems its error harmless because the Commonwealth rebutted the mother's evidence of Appellant's "law-abiding reputation" and the court as finder of fact did not find the mother credible. Adjudication Court Opinion, 5-6. That the finder of fact did not find the witness credible on a *different* point of reputation, does not mean it would necessarily find the witness not credible on *another* (relevant) point of reputation. While

a fact finder may reject all testimony from a particular witness as not credible, it must hear it first. *Commonwealth v. Smith*, 97 A.3d 782, 788 (Pa. Super. 2014) (finder of fact is free "to reject or accept all, part or none of the testimony of any witness").

The Commonwealth's attempt to demonstrate the adjudication court's erroneous exclusion of the evidence was harmless is unconvincing. The Commonwealth argues that Appellant "was not prejudiced by exclusion of testimony from [the] mother regarding honesty because she already testified that [Appellant] had a reputation for honesty" N.T. 12/13/22, 14. Though accurate to state that the mother mentioned Appellant's reputation for being both law-abiding and truthful before the Commonwealth objected, this argument does not take into account the court's erroneous ruling to exclude evidence of Appellant's reputation for truthfulness. The ruling excluded both the preceding testimony about truthfulness and any additional testimony, as the adjudication court's recitation of the evidence from the hearing in its opinion demonstrates. Just as we presume that a judge sitting as a finder of fact will not be overly prejudiced by improper evidence because the judge understands the law,[7] we must also presume the judge did not consider evidence it may have heard but then excluded. *See Commonwealth v.*

_____

[7] "It is well settled that in a bench trial the admission of a defendant's prior record is harmless error since the trial judge is presumed capable of disregarding inadmissible evidence." *Commonwealth v. Galindes*, 786 A.2d 1004, 1014 (Pa. Super. 2001). A judge, as fact-finder, is presumed to disregard inadmissible evidence and consider only competent evidence. *Commonwealth v. Davis*, 421 A.2d 179, 183, n.6 (Pa. 1980).

*Hayes*, 755 A.2d 27, 34 (Pa. Super. 2000) (relying on trial court's exclusion of improperly admitted evidence from its written opinion to determine on appeal that the challenged evidence "was not a factor in determining appellant's guilt" and therefore *was* harmless).

The Commonwealth also asserts that the mother was an interested party and therefore her testimony should be closely scrutinized. Appellee's Brief, 10. This would be an argument for not giving great weight to her testimony, but not a basis to automatically hold harmless the exclusion of all evidence to Appellant's truthfulness. On a similar vein, we note that a 15-year-old's reputation for any character trait may not have as great weight as an adult's, but we cannot hold that as a matter of law there is no weight whatsoever. As for the Commonwealth's assertion that the evidence of guilt was overwhelming, we cannot agree. The evidence of Appellant's knowledge that the car was stolen was circumstantial and strong – based on the visible damage to the car indicative of it having been stolen, N.T. 12/13/22, 10 – but not overwhelming. To the extent that the reputation for truthfulness was pertinent to the charge at all it would counter the circumstantial evidence that Appellant knew the car was stolen. *See Commonwealth v. Harris*, 785 A.2d 998, 1000 (Pa. Super. 2001) ("[e]vidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered … in connection with all the evidence presented in the case on the general issue of guilt or innocence"). Accordingly, we cannot find that the erroneous exclusion of all evidence regarding a

pertinent character trait was harmless in this case where the reputation evidence would have countered the circumstantial evidence supporting an element of the crime charged.

We vacate the adjudication of delinquency and remand for a new adjudicatory hearing.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/11/2024