Commonwealth *v.* Moyer, Appellant.

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Richard A. Consiglio, Public Defender, for appellant.

Edward S. Newlin, Assistant District Attorney, and Amos C. Davis, District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., February 27, 1975:

This is an appeal from the Court of Common Pleas, Criminal Division, of Blair County, by the appellant-defendant, David Charles Moyer, after a non-jury trial on a charge of fornication and bastardy; and from the denial of post-conviction motions.

The only question raised by this appeal concerns the weight and sufficiency of the evidence.

The prosecutrix testified that she met the defendant on March 12, 1972, in Tyrone, Pennsylvania, and again on March 19, 1972, and on another later occasion and

that she had intercourse with him. She testified that he called her and informed her that he had lost his wallet in her friend's car with whom they were riding. Her friend found the wallet and for the first time from the documents in the wallet she found out the defendant's right name. He had used another name during their meetings. The prosecutrix became pregnant and bore a child.

The appellant denied that he had ever met the prosecutrix prior to being arrested and produced several witnesses who testified that he had been at a birthday party on the day in question. The witnesses were all relatives of the appellant and their credibility was for the factfinder.

The appellant places great weight on an identification made at the preliminary hearing. At the hearing, the prosecutrix and two friends all testified that an imposter, who the defendant had convinced to attend the hearing in his place, was the one with whom she had had intercourse. However, the imposter was the same general build as the appellant and was wearing the hat of the appellant pulled down over his face. After he removed the hat all of the witnesses identified him as not being the one who was with the prosecutrix and they all identified the appellant when he finally arrived at the preliminary hearing. It was stipulated that counsel had no knowledge of the attempted imposture. The appellant was outside and when he did come in the prosecutrix and witnesses immediately recognized him. At trial, they all identified the appellant.

The appellant now claims that since the prosecutrix and her friends had incorrectly identified the imposter as the perpetrator of the offense, that that fact destroyed their credibility as witnesses at the trial.

In general, the grant of a new trial on the ground

that the verdict is against the weight of the evidence is committed to the sound discretion of the trial court. *Commonwealth v. Zapata*, 447 Pa. 322, 290 A. 2d 114 (1972). Where evidence is conflicting, the credibility of witnesses is solely for the finder of fact and if its finding is supported by the record, the trial court's denial of a motion for a new trial will not be disturbed. *Commonwealth v. Rankin*, 441 Pa. 401, 272 A. 2d 886 (1971).

The testimony at trial of the Commonwealth witnesses was certainly sufficient, if believed, to enable the trier of fact to render a guilty verdict on the offense charged. The prosecutrix testified that the appellant had sexual relations with her and as a result she bore a child some 9½ months later. She testified that she had not had relations with any one else during that period of time. Her friends had corroborated her testimony in certain essential particulars especially regarding the location of defendant's wallet and the double date meetings. All of the witnesses positively identified the defendant at trial. The witnesses accompanied the prosecutrix and the appellant on the dates involved. Despite having been fooled for a time by the imposter at the preliminary hearing into making an incorrect identification, the later identification at the preliminary hearing after the removal of the concealing hat and the at-trial identification was sufficient for the trier of fact to determine credibility and render the verdict as recorded.

Judgment of sentence affirmed.