365 A.2d 1283

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Lois Ella RIDGELY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 19, 1976.

Decided Nov. 22, 1976.

---

398

John J. Dean, Anthony J. Lalama, Pittsburgh, for appellant.

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Louis R. Paulick, Asst. Dist. Attys., Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE and VAN der VOORT, JJ.

CERCONE, Judge:

Appellant, Lois Ella Ridgely, was tried on two indictments arising out of a series of thefts of credit cards, check books and identification cards from patrons of the Monroeville European Health Spa in the Pittsburgh area. These items were used to make unlawful purchases at stores in the Monroeville area. In a non-jury trial she was found not guilty on the first indictment charges, but guilty on the second indictment charge of criminal conspiracy with a Connie Peppetti. She raises two issues on appeal.

First, appellant contends the evidence was insufficient to sustain her conviction for criminal conspiracy. The main element of criminal conspiracy is the agreement between two or more persons to commit a crime or agreement by a person to aid another in planning a crime. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 P.C.S. 903. When determining the sufficiency of the evidence, the standard is whether accepting as true all the Commonwealth's evidence and the reasonable inferences from the evidence upon which the fact finder could base a verdict, such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Waters*, 463 Pa. 465, 345 A.2d 613 (1975).

On the evenings of April 15 and April 19, 1974, several patrons of the European Health Spa discovered that, while they were using the Spa facilities, someone had gone into their lockers and had taken their purses or property from their purses. Credit cards, checks, identification and cash were taken. Unauthorized purchases were made with the stolen property at stores in the Monroeville area.

In essence, Connie Peppetti, the co-conspirator, testified to appellant's participation in planning and committing the thefts and using the stolen property to make

purchases. One of the victims testified to seeing appellant and Connie Peppetti together in the locker room on April 19, 1974. Neither appellant nor Connie Peppetti was a member of the Spa. They used the membership card of appellant's sister to gain admittance. On April 19, 1974, Connie Peppetti left appellant at the Spa for a few hours returning to pick up appellant. Appellant and Connie Peppetti were leaving the parking lot in Connie Peppetti's car when they were arrested. The stolen property was found in Connie Peppetti's possession.

Testifying on her own behalf, appellant admitted being in the Spa with Connie Peppetti on both nights and accompanying her, on April 15, to the Monroeville Mall where some of the purchases were made. Appellant denied any participation or agreement to participate in the thefts and gave a different explanation of her activities and presence with Connie Peppetti at the relevant times.

■ Appellant claims her mere presence with Connie Peppetti at the relevant times, with the uncorroborated testimony of a co-conspirator providing the only proof of her participation, is not enough to prove her participation and sustain the conviction. A conviction on a charge of criminal conspiracy may be sustained without direct or explicit proof of an unlawful agreement. The conduct of the parties and the circumstances surrounding their activities may support the inference that a conspiracy did exist. *Commonwealth v. Waters*, supra; *Commonwealth v. Esposito*, 236 Pa.Super. 127, 344 A.2d 655 (1975).

■ ■ The uncorroborated testimony of a co-conspirator may provide evidence sufficient to support a conviction. *Commonwealth v. Tervalon*, 463 Pa. 581, 345 A.2d 671 (1975); *Commonwealth v. Bradley*, 449 Pa. 19, 295 A.2d 842 (1972). It must be received with caution and scrutinized with care. *Commonwealth v. Banks*, 454 Pa. 401, 311 A.2d 576 (1973); *Commonwealth v. McDaniel*,

227 Pa.Super. 236, 323 A.2d 885 (1974). Of course, the trier of fact may believe or disbelieve any or all of the evidence presented. *Commonwealth v. Smith,* 457 Pa. 638, 326 A.2d 60 (1974); *Commonwealth v. Williams,* 450 Pa. 158, 299 A.2d 643 (1973); *Commonwealth v. Moyer,* 232 Pa.Super. 120, 334 A.2d 764 (1975). As a co-conspirator the credibility of the witness is for the fact finder to decide. *Commonwealth v. McDaniel,* supra.

Here, evidence of appellant's presence with Connie Peppetti at the time of the thefts and on one occasion, her presence during the illegal use of the credit cards, corroborated the testimony of her co-conspirator. This evidence amply supported the conviction for criminal conspiracy beyond a reasonable doubt.

Next, appellant claims that the court below abused its discretion by allowing the Commonwealth to reopen its case. Both sides rested when the main prosecution witness, Connie Peppetti, did not appear for cross-examination. The defense moved to strike her direct testimony. The trial judge granted the motion to strike and announced his findings and a verdict of not guilty on the first indictment. Just before he was to have given the verdict on the second indictment which charged criminal conspiracy, Connie Peppetti appeared in court. The court allowed the Commonwealth to reopen its case as it related to the second indictment charging conspiracy (since the court had already rendered a verdict on the first indictment, it was too late to open that phase of the trial). The direct testimony of Connie Peppetti which the court had ordered struck from the record was again made a part of the record. At the same time, the trial court then permitted the defense to proceed with cross-examination and presentation of its case.

The trial had begun Wednesday, November 27, 1974. The Commonwealth completed its direct examination of

Connie Peppetti late Wednesday afternoon. Since the next day was Thanksgiving, the court recessed until 9:30 A.M. Monday, December 2, 1974. Due to circumstances beyond the Commonwealth's control, Connie Peppetti was unable to appear on Monday for cross-examination. The court continued the trial until 1:30 P.M. Tuesday, December 3, 1974. At 1:30 P.M. the witness still had not arrived. At 1:50 P.M. as the judge was about to announce the verdict on the second indictment, the witness walked into court and explained that she had been there at 1:30 P.M., but had not heard her name called.

It is within the discretion of the trial judge to permit either side to open its case to present additional evidence. *Commonwealth v. Deitch Co.*, 449 Pa. 88, 100–01, 295 A.2d 834 (1972). The trial court has the discretion to reopen a case prior to submission to a jury to prevent a failure or a miscarriage of justice. *Commonwealth v. Burton*, 164 Pa.Super. 158, 63 A.2d 508 (1949). However, once the trial judge renders a verdict, it has been held an abuse of discretion to allow the Commonwealth to reopen to present evidence to support the verdict. *Commonwealth v. Bird*, 152 Pa.Super. 648, 33 A.2d 531 (1943). Since the judge had rendered a verdict in the first indictment he properly did not reopen that part of the trial. In a non-jury trial, until a verdict has been rendered, it is within the discretion of the trial judge to allow either side to reopen its case to prevent a failure or miscarriage of justice.

Although appellant claims that the trial court abused its discretion, she does not show how she suffered any detriment she would not have suffered had she been able to cross-examine Connie Peppetti at 1:30 P.M., when court convened, rather than 1:50 P.M., when Connie Peppetti appeared in the courtroom. She was able to fully cross-examine the witness and to present her defense. The court below did not abuse its discretion when it per-

404

mitted the Commonwealth to reopen its case on the second indictment upon which a verdict had not been announced.

Judgment of sentence is affirmed.

SPAETH, J., absent.