393 A.2d 759

**COMMONWEALTH of Pennsylvania**

v.

**Robert PITTMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 29, 1977.

Decided Oct. 20, 1978.

George B. Ditter and Calvin S. Drayer, Jr., Assistant Public Defenders, Norristown, for appellant.

Ross Weiss, First Assistant District Attorney, Elkins Park, and William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence rendered after jury trial and verdict of guilty to a charge of criminal conspiracy, the lower court having sustained defendant's demurrer to a charge of resisting arrest and having ruled a

third charge of disorderly conduct to be a summary offense made the subject of a separate adjudication of guilty.[1] Immediately prior to commencement of trial, defendant was heard on his motion to dismiss the charges for an alleged violation of *Pa.R.Crim.P.* 1100. Because of our disposition herein upon appellant's claim of insufficient evidence to support the verdict, we need not reach the assignment of error as to the lower court's refusal to dismiss the charges.

Considering the facts and inferences therefrom favorably to the position of the verdict winner, the salient points are these. On February 18, 1976, a man (not the defendant below in this case) carrying a baby, and woman entered a clothing store in the Abington Shopping Center, Montgomery County. While the man and baby remained at the front of the store, the woman proceeded to the rear coat department. The proprietor of the store testified at trial that she saw the woman unrack a leather coat and place it into her carrying bag, which she partially zipped shut. She called the police and then stopped the woman to question her about the coat, which was protruding from the bag. The woman denied possession of the coat, whereupon she and the man left the store, ran across the parking lot, and she threw the bag as well as herself under defendant's automobile. At this point, a uniformed policeman arrived, and he retrieved the bag. The defendant, who had been standing at his car with the hood and trunk up, walked toward the policeman and said "Hey, leave my friend alone." (Testimony of the store proprietor, notes of testimony, p. 10). Thereupon, the male who was with the female attempted to remove the bag from the officer's grasp, as the latter held it as well as the female still hiding under the car. This officer testified that Pittman did not enter into the fracas, which was relieved with the arrival of other officers. The bag was found to contain two coats from the store.

As to Pittman's conduct, the first officer on the scene testified that defendant approached him yelling to the effect

---

1. Respectively, violations of the "Crimes Code", Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. §§ 903, 5104, and 5503.

"What's going on?" The officer subdued him, performed a frisk, and found a knife in his pocket. This took no longer than a few minutes, by which time the female had placed herself in the car's passenger seat and was saying "Come on, Bobby" and "Let's go Bobby." Pittman was then arrested.

Appellant has preserved for our consideration the question of whether the evidence was sufficient to sustain the verdict of guilty of criminal conspiracy. It is argued that there was no evidence showing a conspiratorial agreement on appellant's part. The only things proved were presence at the scene and the inference that appellant knew the female actor. The Commonwealth answers the allegation of error below by arguing that the evidence places appellant at the scene, an acquaintance of the actor, with his car running for a "getaway." As such, the evidence is sufficient.

We must disagree with the Commonwealth. Our standard of review, while accepting as true the Commonwealth's evidence and inferences, is to determine if the evidence and inferences are sufficient to prove guilt beyond reasonable doubt. *Commonwealth v. Waters*, 463 Pa. 465, 345 A.2d 613 (1975). The evidence can be circumstantial; "the conduct of the parties and the circumstances surrounding their activities may support the inference that a conspiracy did exist." *Commonwealth v. Ridgely*, 243 Pa.Super. 397, 401, 365 A.2d 1283, 1285 (1976). See also *Commonwealth v. Roux*, 465 Pa. 482, 350 A.2d 867 (1976). From the circumstantial evidence in this case, we cannot find the unity of purpose or action necessary to support criminal conspiracy. See *Commonwealth v. Esposito*, 236 Pa.Super. 127, 344 A.2d 655 (1975). The testimony establishes that appellant was standing at his vehicle when the subject male and female ran up, of whom at least the latter knew appellant's name. But our doubts as to a common purpose are raised when appellant chose his course of action with respect to the police officers. Such actions do not appear to be in concert with a design of escape in a "getaway" car. These doubts are not extinguished because of the complete lack of any other testimony regarding appellant's plan,

purpose, or affinity with the perpetrators of the theft. While the conduct of appellant at the scene in attempting to resist the efforts of the police at stopping the criminal activity and apprehending the culprits does not comport with the behavior of an uninterested third party, it does not shed light, even inferentially, upon the possibility of a common scheme between those who removed the coats and appellant. Thus we cannot conclude that the proof in this case is sufficient beyond reasonable doubt. On this basis we find error below.

Judgment of sentence reversed and appellant discharged.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.