433 A.2d 517

**COMMONWEALTH of Pennsylvania,**

v.

**George D. WALTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1980.

Filed Aug. 7, 1981.

412

Joseph F. Sklarosky, Assistant Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

PER CURIAM:

Appellant was charged with burglary, theft and criminal conspiracy. Following a non-jury trial before Olszewski, J. he was convicted of criminal conspiracy to commit burglary and acquitted on the other charges. Appellant's motions for new trial and in arrest of judgment were denied and he was sentenced to imprisonment for not less than four months nor more than five years less one day. He has appealed to this court from the judgment of sentence.

The first issue raised by appellant is that the evidence was not sufficient to sustain his conviction. In judging sufficiency of the evidence, we must view the evidence, and all inferences arising from it, in the light most favorable to the verdict winner. *Commonwealth v. Hoskins*, 485 Pa. 542, 403 A.2d 521 (1979); *Commonwealth v. Smith*, 484 Pa. 71, 398 A.2d 948 (1979); *Commonwealth v. Posavek*, 278 Pa.Super. 265, 420 A.2d 532 (1980). So viewed, the evidence was as follows: On April 25, 1979, at about 8:30 P.M. two members of the Wilkes-Barre Police Department were dispatched to a dwelling at 25 Vulcan Street, Wilkes-Barre in response to a possible burglary in process call. Officer Kenny went to the back of the building, which was a duplex apartment house with one apartment on each floor, and entered through the unlocked back door into a small vestibule area. As the officer opened the back door he observed the appellant, George D. Walton, and James Barberio coming down the steps. Appellant was immediately placed under arrest and was searched and found to be in possession

of a large number of keys, a small pry bar and a screwdriver. Mr. Barberio was in possession of a Timex wrist watch with a Speidel band, which was subsequently determined to be the property of Charles D. Bond who was the occupant of the second floor apartment.

Mr. Bond testified that he was at his daughter's house on the evening in question. He received a call from the police department that his home had been broken into. He immediately returned home to find that his apartment had been ransacked, especially in the bedroom area, although there were signs of disruption to furnishings throughout the apartment. The watch found in the possession of Mr. Barberio had been in a jewelry box when Mr. Bond left his home.

Conspiracy is defined as follows:

(a) Definition of conspiracy.—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S.A. § 903.

The heart of the offense of conspiracy is an agreement to do an unlawful act. *Commonwealth v. Anderson*, 265 Pa.Super. 494, 402 A.2d 546 (1979). The agreement required for conspiracy can seldom be directly proved, nor need it be. *Commonwealth v. Stephens*, 231 Pa.Super. 481, 331 A.2d 719 (1974). A conspiracy may be inferentially established by showing the relationship, conduct or circumstances of the confederate which demonstrate a unity of purpose to accomplish an unlawful act. *Commonwealth v. Cooper*, 240 Pa.Super. 477, 362 A.2d 1041 (1976). In this case

appellant did not testify. Mr. Barberio, after he had entered a guilty plea, testified on behalf of the appellant. He stated that he and the appellant had been out drinking and were then walking over to Barberio's house. On the way Mr. Barberio had to go to the bathroom and since the door at 25 Vulcan Street was not locked, he entered the house and went to the second floor apartment to use the bathroom facilities. Neither appellant nor Mr. Barberio was acquainted with any of the occupants of the house. He further testified that he heard noises downstairs and that as he was running downstairs he encountered the appellant on about the third step from the bottom. At that point a police officer arrested the appellant. Although Mr. Barberio testified that he did not agree with the appellant to enter the building, the trier of fact may believe or disbelieve any or all of the evidence presented. *Commonwealth v. Moyer*, 232 Pa.Super. 120, 334 A.2d 764 (1975).

In this case the presence of the appellant in the property at 25 Vulcan Street with Mr. Barberio, after the apartment was ransacked and the occupant's watch removed, his possession of tools commonly considered burglary tools, his arrest by the police as he was coming down the steps, all support the appellant's conviction for criminal conspiracy beyond a reasonable doubt. *See Commonwealth v. Ridgely*, 243 Pa.Super. 397, 365 A.2d 1283 (1976).

Appellant contends that the court below did not state the reasons for its sentence. This is not fully accurate as the court did give the reasons for the sentence imposed.[1]

1. The court below stated the reasons for imposition of sentence as follows:

The reason for this sentence is, I think you deserve punishment for what you did. I've considered the fact that this was a conspiracy to commit burglary, to enter a building that didn't belong to you.

As I said to Mr. Sklarosky, I didn't believe your story. I didn't believe it at all. That's why I found you guilty. But I think you should be punished. I hope that this acts as a deterrent to you and to other people just like you. I think society is entitled to some protection, and the reason for the five years minus one day is to give control over you. I think you need some rehabilitation, and I think this will serve, also, for prevention of further crime.

We must determine, however, if the reasons articulated are sufficient.[2] It is now beyond question that the trial judge must state the reasons for the sentence he imposes. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Wertz*, 252 Pa.Super. 584, 384 A.2d 933 (1978); *Commonwealth v. McQuaid*, 273 Pa.Super. 600, 417 A.2d 1210 (1980). See also, the Sentencing Code, Act of December 30, 1974, P.L. 1052, No. 345, as amended, 18 Pa.C.S.A. § 1321. The decisions of our Court and the Supreme Court insist that the trial judge give increasing attention to explaining in detail the reasons for the sentence imposed in light of the Sentencing Code. As stated in *Commonwealth v. O'Brien*, 282 Pa.Super. 193, 422 A.2d 894, 895 (1980):

> After careful review of the testimony, and a judicial determination of the true facts relative to the case before him, *the trial judge must then articulate the thought process by which he arrives at a particular appropriate sentence.* The statement of reasons should reflect consideration of, if not actually include direct reference to, the Sentencing Code guidelines. (Emphasis added).

The *O'Brien* case quoted with approval this Court's statement in *Commonwealth v. Wareham*, 259 Pa.Super. 527, 534, 393 A.2d 951, 954 (1978);

> It is better practice for the court to include in its statement of reasons for the sentence some reference to

You're just a young man. I'm very reluctant to send you to jail, but I think that should be done in this particular case because of the gravity of the offense.

. . .

Mr. Sklarosky, I'll tell you what I'll do. Because of his age and because you tell me he's working, I would consider a petition for a work release, immediately. I'm not saying I'll grant it, but I'll consider it.

2. Appellant did not file a motion to modify or reconsider the sentence under Pa.R.Crim.P. 1410. However, failure to do so did not result in a waiver of this issue on appeal, as the sentencing court did not advise the appellant of his right to challenge the propriety of the sentence within 10 days of imposition of sentence, as required by Pa.R.Crim.P. 1405(c)(2–3). *Commonwealth v. Roy Wilbur Kittrell*, 285 Pa.Super. 464, 427 A.2d 1380 (1981).

the guidelines specified in the Sentencing Code, with some explanation of how consideration of those guidelines affected the determination of sentence.

We note, however, that "no case has held that the Sentencing Code, 18 Pa.C.S.A. § 1301, et seq., states the exclusive and inflexible criteria in the sentencing process. Indeed, our cases hold that a statement of reasons should not be held insufficient when it is apparent that the court considered and applied the Code even though it made no explicit reference to those guidelines." *Commonwealth v. Zimmerman*, 282 Pa.Super. 286, 422 A.2d 1119, 1125 (1980).

In the instant case trial counsel for the appellant requested probation for his client. As stated in *Commonwealth v. Wicks*, 265 Pa.Super. 305, 311, 312, 401 A.2d 1223, 1226 (1979):

In appraising this request, the court was obliged to accord weight to the following factors:

(1) The criminal conduct of the defendant neither caused nor threatened serious harm.

(2) The defendant did not contemplate that his conduct would cause or threaten serious harm.

(3) The defendant acted under a strong provocation.

(4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense.

(5) The victim of the criminal conduct of the defendant induced or facilitated its commission.

(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.

(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.

(8) The criminal conduct of the defendant was the result of circumstances unlikely to recur.

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.

(10) The defendant is particularly likely to respond affirmatively to probationary treatment.

(11) The confinement of the defendant would entail excessive hardship to him or his defendants [sic].

(12) Such other grounds as indicate the desirability of probation.

*Id.* § 1322.

If after this weighing, the court concluded not to impose a sentence of probation, it was next obliged to consider whether total confinement as opposed to partial confinement was appropriate. See *Commonwealth v. Kostka, supra,* 475 Pa. [85] at 91, 379 A.2d [884] at 887.

The court also stated in *Commonwealth v. Wicks, supra,* at 265 Pa.Super. 314, 401 A.2d 1227:

It is not our province to guess at the lower court's reasons for the sentence, and we must not substitute our thought processes for what might have been the thought processes of the lower court. It has not been held that the court's statement of reasons must specifically cite to or include the language of the Sentencing Code. However, the statement of reasons must demonstrate that the court has considered the factors specified in the Code, and that it has balanced the specific background, character, and circumstances of the defendant with the circumstances of the crime, the need for incarceration, to prevent future offenses by the defendant and by others, and the possibility of rehabilitation.

Section 1324 of the Sentencing Code provides the circumstances when partial confinement is appropriate as follows:

§ 1324. Partial confinement

If in the light of all the circumstances, and when facilities are available, probation would be inappropriate, but it further appears that a sentence of total confinement would not be required in accordance with the criteria established in section 1325 of this title (relating to total

confinement), the court may impose a sentence involving partial confinement.

18 Pa.C.S.A. § 1324.

Partial confinement is "the Sentencing Code's term for work release." *Commonwealth v. Doyle,* 275 Pa.Super. 373, 388, 418 A.2d 1336, 1343 (1979).

Section 1325 of the Code sets forth the circumstances in which total confinement is to be imposed as follows:

§ 1325. Total confinement

The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

18 Pa.C.S.A. § 1325.

In *Commonwealth v. Doyle, supra,* this court further elaborated on the responsibilities of a judge when imposing sentence. That case held that the first responsibility of the sentencing judge is to be sure that he has before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant. The second responsibility is to evaluate the information regarding the circumstances of the offense and the character of the appellant and then to formulate and explain the sentence in the light of the guidelines specified in the Sentencing Code. The majority in *Commonwealth v. Doyle,* requires that a review of the sentence must be made by an appellate court with one eye on the Sentencing Code and the other on the judge's articulated reasons. If it

appears that the sentencing judge strayed from the guidelines then the sentence imposed will have a difficult time in passing muster when it comes before this Court for review. Our Court is not of one mind, however, with respect to how technical our review of sentences must be. In his concurring opinion in *Commonwealth v. Doyle, supra,* Judge Price stated at 275 Pa.Super. 391, 418 A.2d 1345, 1346,

> Although Judge Spaeth in *Wicks* noted that this court has never required the sentencing judge to specifically cite or utilize the exact language of the Sentencing Code, the result strongly intimated that such a practice would be all but required unless, on appeal, this court could glean from the words of the trial court that the Code was indeed considered. Instantly, the majority reiterates and enlarges on the technicalities of sentencing, resolutely marching, to a cadence set by *Wicks,* down a path which must eventually lead to a requirement that a sentencing judge quote chapter and verse of the Sentencing Code in order to satisfy our standard. As I was not on the *Wicks* panel, I had no voice in its outcome, although I harbored grave doubts as to its rationale. Here, however, I am permitted a word on the tortured course the majority travels, and that word is "ridiculous."

In the instant case counsel for the appellant requested probation which meant that the court should have considered the guidelines set forth in Section 1322 of the Sentencing Code. From the record before us it is not apparent that the court fully considered and applied the Sentencing Code in determining sentence. "The lower court made no reference to the many factors which he was required to take into consideration pursuant to the Sentencing Code. No mention is made of appellant's prior criminal record, his age, his personal characteristics or his potential for rehabilitation. The statement of the trial judge does not reflect a thoughtful consideration of any mitigating circumstances surrounding appellant's actions." *Commonwealth v. O'Brien,* 282 Pa. 193, 197, 422 A.2d 894, 896. In the instant case the court referred to the appellant's youth and his

reluctance to send him to jail but seemed compelled to do so because of the gravity of the offense. The trial judge's primary reasons for imposing a prison sentence were to punish the appellant and because of the seriousness of the offense. In *Commonwealth v. Butch*, 487 Pa. 30, 407 A.2d 1302 (1979), the Supreme Court remanded for resentencing because the trial court failed to consider the statutory factors set forth in the probation and total confinement sections of the Sentencing Code. "Instead the court apparently was concerned solely with the nature of the crime". 487 Pa. 30, 34, 407 A.2d 1302, 1304 (1979).

■ We do not require that a trial court in setting forth its reasons for sentence use the Sentencing Code as a checklist and refer to each applicable provision. However, in exercising its discretion in imposing sentence there must be some evidence that the court has carefully considered the weight to be given to each of the grounds set forth in the applicable sections dealing with probation, partial confinement and total confinement. Within the framework of the facts of each individual case, the sentencing court must enunciate to the defendant the underlying reasons for the sentence imposed.

Judgment of sentence vacated and case remanded for resentencing.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent. Appellant advances two arguments to this court. He maintains his sentence was excessive and he further maintains that the reasons set forth by the trial court for the imposition of the sentence were "vague, ambiguous and nebulous".

Appellant did not raise these issues in the trial court at the sentencing hearing or by a written motion to modify or reconsider the sentence in accordance with Pa.R.Crim.P. No. 1410. Therefore, these issues are not preserved for appellate review. They have been waived. *Commonwealth v. Tu-*

*recki,* 278 Pa.Super. 511, 420 A.2d 658 (1980); *Commonwealth v. Morris,* 273 Pa.Super. 477, 417 A.2d 748 (1979); *Commonwealth v. Walls,* 481 Pa. 1, 391 A.2d 1064 (1978).

I would affirm the Judgment of Sentence.