444 A.2d 105

**COMMONWEALTH of Pennsylvania**

v.

**Jo Dena Roxanne RUSSO, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 21, 1981.

Filed April 2, 1982.

Donald G. Scheck, Stroudsburg, for appellant.

James F. Marsh, District Attorney, Stroudsburg, submitted a brief on behalf of Commonwealth, appellee.

Before BECK, WATKINS and HOFFMAN, JJ.

BECK, Judge:

■ This is an appeal from a judgment of sentence following a plea of guilty to a single count of theft. Appellant was sentenced to imprisonment for a period of three to twenty-three months and thereafter filed a timely Petition for Reconsideration of Sentence, as to which the lower court took no action.[1] The sentencing judge subsequently filed an opinion in support of judgment of sentence pursuant to Pa.R.A.P. 1925(a).

■ Appellant alleges that the trial court abused its discretion in sentencing by failing to adequately consider provisions of the Sentencing Code, 42 Pa.C.S.A. § 9701 et seq.[2] The various sentencing options are provided in 42 Pa.C.S.A. § 9721(a):

In determining the sentence to be imposed the court shall, except where a mandatory minimum sentence is otherwise provided by law, consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

1. By filing this petition, appellant preserved for our review her objections to sentence. See Commonwealth v. Walls, 481 Pa. 1, 391 A.2d 1064 (1978) cited in Commonwealth v. Levenson, 282 Pa.Super. 406, 417 n.10, 422 A.2d 1355, 1361 n.10 (1980). The Levenson court held the lower court's failure to act on the petition is an implicit denial of that petition.

2. Appellant also alleges that the trial court relied upon impermissible factors in sentencing and failed to consider mitigating factors. It is clear that reliance in whole or in part upon an impermissible factor invalidates a sentence. See Commonwealth v. Bethea, 474 Pa. 571, 379 A.2d 102 (1977); Commonwealth v. Kostka, 276 Pa.Super. 494, 419 A.2d 566 (1980); Commonwealth v. Cruz, 265 Pa.Super. 474, 402 A.2d 536 (1979). We need not reach those issues, however, because we find the trial judge's conclusory comments did not reflect a reasoned weighing of the Sentencing Code requirements; accordingly, we remand for resentencing.

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

The single guiding principle for the sentencing court is: "that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Very specific guidelines are enunciated in the Code as to circumstances dictating the imposition of total confinement. Section 9725 of the Sentencing Code states:

The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

We note that nothing in either the sentencing transcript or the opinion of the court pursuant to Pa.R.A.P. 1925 addresses the risk that appellant would commit another crime if sentenced to probation or partial confinement. To the contrary, there was testimony at the sentencing hearing that appellant had not been involved in any criminal activity since the time of the behavior for which she was convicted, that she had never been involved in criminal activity prior to this incident, that she was currently living with her mother and was gainfully employed at her mother's clothing shop,

that she had extricated herself from the crowd with whom she had been involved at the time of arrest, and that she was no longer taking drugs. All of those factors arguably lead to the conclusion that there is minimal risk that she will commit another crime if not incarcerated.

Similarly, there was no discussion in the record suggesting that defendant would benefit from incarceration, and the record also supports the contention that appellant appreciated the seriousness of her crime and regretted her behavior.

The Sentencing Code enunciates criteria that are to be considered by the sentencing judge when deciding if probation is an appropriate disposition:

(1) The criminal conduct of the defendant neither caused nor threatened serious harm.

(2) The defendant did not contemplate that his conduct would cause or threaten serious harm.

(3) The defendant acted under a strong provocation.

(4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense.

(5) The victim of the criminal conduct of the defendant induced or facilitated its commission.

(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.

(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.

(8) The criminal conduct of the defendant was the result of circumstances unlikely to recur.

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.

(10) The defendant is particularly likely to respond affirmatively to probationary treatment.

(11) The confinement of the defendant would entail excessive hardship to him or his dependents.

(12) Such other grounds as indicate the desirability of probation.

42 Pa.C.S.A. § 9722.

■ While it is clear that the record need not reflect mention by the sentencing judge of the specific language of the Sentencing Code, the statement of the court must reflect a reasoned weighing of the factors stated therein. The sentencing judge in this case failed adequately to consider the above factors that are relevant to the defendant. He did cite the fact that appellant was a first offender, but otherwise neglected to discuss the absence or presence in her case of the other criteria. Without a meaningful balancing process clearly setting forth the considerations of the sentencing judge that led him to conclude that a period of total confinement was in order, we are at a loss thoughtfully to evaluate his decision.[3]

The purpose of probation has been set forth by this court in *Commonwealth v. Del Conte*, 277 Pa.Super. 296, 302, 419 A.2d 780, 782–783 (1980):

As stated in *Commonwealth v. Kates, supra*, the purpose of probation is "to provide a means to achieve rehabilitation without resorting to incarceration." 452 Pa. at 115, 305 A.2d at 708. The purpose of parole is similar. In deciding to impose a probation order, or in granting immediate parole, as was done here, the court balances the interest of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating

---

**3.** In *Commonwealth v. Kraft,* 294 Pa.Super. 599, 605, 440 A.2d 627, 630 (1982), we explained the rationale for requiring the sentencing judge to enunciate in the record reasons for the sentence imposed:

The policy behind requiring the sentencing judge to disclose in open court the reasons for the sentence is to make public "the thought process by which he arrives at a particular appropriate sentence." *Commonwealth v. O'Brien,* 282 Pa.Super. 193, 422 A.2d 894, 895 (1980). It is a safeguard against arbitrary decisions and prevents consideration of improper and irrelevant factors. It provides the appellate court with a basis on which to understand and review the sentencing court's decision. The judge's thought process should demonstrate that he or she reflected upon the standards established in the Sentencing Code.

(Footnote deleted.)

the defendant outside of prison. 18 Pa.C.S. § 1322; *see Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223, 1225–26 (1979).

This court and the Pennsylvania Supreme Court have vacated judgment of sentence and remanded for resentencing where it did not appear that the sentencing judge adequately considered the Sentencing Code guidelines as to probation versus total or partial confinement. *See Commonwealth v. Butch*, 487 Pa. 30, 407 A.2d 1302 (1979); *Commonwealth v. Walton*, 289 Pa.Super. 411, 433 A.2d 517 (1981).

The *Walton* court reiterated that the sentencing judge need not adhere strictly to the sentencing guidelines:

> We note, however, that "no case has held that the Sentencing Code, 18 Pa.C.S.A. § 1301, et seq., states the exclusive and inflexible criteria in the sentencing process. Indeed, our cases hold that a statement of reasons should not be held insufficient when it is apparent that the court considered and applied the Code even though it made no explicit reference to those guidelines." *Commonwealth v. Zimmerman*, 282 Pa.Super. 286, 422 A.2d 1119, 1125 (1980).

*Commonwealth v. Walton*, 289 Pa.Super. at 416, 433 A.2d at 519. Still, that court vacated sentence and remanded the case because:

> in exercising its discretion in imposing sentence there must be some evidence that the court has carefully considered the weight to be given to each of the grounds set forth in the applicable sections dealing with probation, partial confinement and total confinement.

*Id.*, 289 Pa.Super. at 421, 433 A.2d at 522.

■ While it is clear that the sentencing judge did consider the seriousness of the crime, there was no evidence that he thoughtfully considered sentencing alternatives. Since he decided that probation was an inappropriate sentence in this case, he next had an obligation to consider the appropriateness of total confinement versus partial confinement. 42 Pa.C.S.A. § 9724. *See Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979).

■ Because it does not appear from the record before us that the sentencing judge considered the factors set forth in the Sentencing Code, we vacate judgment of sentence and remand for resentencing demonstrating "that the court has considered the factors specified in the Code, and that it has balanced the specific background, character, and circumstances of the defendant with the circumstances of the crime, the need for incarceration, to prevent future offenses by the defendant and by others, and the possibility of rehabilitation." *Id.*, 265 Pa.Super. at 314, 401 A.2d at 1227 (1979).

Sentence is vacated and the case is remanded for resentencing.

WATKINS, J., dissents.