453 A.2d 663

COMMONWEALTH of Pennsylvania

v.

John KEIFER, Appellant.

Superior Court of Pennsylvania.

Submitted March 3, 1982.

Filed Dec. 10, 1982.

Douglas M. Johnson, Public Defender, Norristown, for appellant.

Ronald Thomas Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

BECK, Judge:

Appellant, John W. Keifer, III, pled guilty to criminal attempt (rape), unlawful restraint, recklessly endangering another person, and corruption of a minor. He was sentenced to two to five years incarceration for criminal attempt and to a consecutive term of five years probation for unlawful restraint. Sentence was suspended on the other charges. A petition for reconsideration of sentence was timely filed and denied.

We vacate judgment of sentence and remand for resentencing because the sentencing judge failed to adequately articulate in the record his reasons for the sentence imposed.[1] In *Commonwealth v. Russo,* 297 Pa.Super. 424, 429 n. 3, 444 A.2d 105, 107 n. 3 (1982) quoting *Commonwealth v. Kraft,* 294 Pa.Super. 599, 605, 440 A.2d 627, 630 (1982), this Court explained the theory underlying the foregoing disposition:

> The policy behind requiring the sentencing judge to disclose in open court the reasons for the sentence is to make public "the thought process by which he arrives at a particular appropriate sentence." *Commonwealth v. O'Brien,* 282 Pa.Super. 193, 196, 422 A.2d 894, 895 (1980). It is a safeguard against arbitrary decisions and prevents consideration of improper and irrelevant factors. It provides the appellate court with a basis on which to understand and review the sentencing court's decision. The judge's thought process should demonstrate that he or she reflected upon the standards established in the Sentencing Code.

(Footnote omitted.)

The sentencing judge focused upon the gravity of the crimes, and we note our complete agreement with his characterization of "the serious and violent nature of the crimes involved." (Lower court opinion at 3.) In imposing this sentence of total confinement, however, the sentencing

1. The deficiency of the record below is not controverted by the District Attorney of Montgomery County, and that office requests in its brief that the relief sought by appellant be granted.

judge failed to consider on the record factors relating to appellant's character. As this Court stated in *Commonwealth v. Wicks*, 265 Pa.Super. 305, 310–311, 401 A.2d 1223, 1225 (1979):

> The court must consider the character of the defendant and the particular circumstances of the offense in light of the legislative guidelines for sentencing, and must impose a sentence that is the minimum sentence consistent with the protection of the public, the gravity of the offense, and rehabilitative needs of the defendant. *See* The Sentencing Code, Act of Dec. 30, 1974, P.L. 1052, No. 345, 18 Pa.C.S. § 1321(b) (Supp.1977); *Commonwealth v. Knight,* [479 Pa. 209, 387 A.2d 1297 (1978); *Commonwealth v. Riggins* [474 Pa. 115, 377 A.2d 140 (1977) ].

And the *Russo* court emphasized the importance of "a reasoned weighing" of the criteria enunciated in the Sentencing Code:

> While it is clear that the record need not reflect mention by the sentencing judge of the specific language of the Sentencing Code, the statement of the court must reflect a reasoned weighing of the factors stated therein. The sentencing judge in this case failed adequately to consider the above factors that are relevant to the defendant. He did cite the fact that appellant was a first offender,[2] but otherwise neglected to discuss the absence or presence in her case of the other criteria. Without a meaningful balancing process clearly setting forth the considerations of the sentencing judge that led him to conclude that a period of total confinement was in order, we are at a loss thoughtfully to evaluate his decision.

*Id.*, 297 Pa.Superior Ct. at 429, 444 A.2d at 107 (footnote omitted).

Accordingly, we vacate judgment of sentence and remand for resentencing.

**2.** We note additionally that the sentencing judge in the instant case did mention in his opinion supporting judgment of sentence that appellant had no prior record. The absence of a prior criminal record is a factor to be considered in evaluating whether probation is an appropriate disposition. 42 Pa.C.S. § 9722(7).