J-A05017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRELL MOTEN | |
| Appellant | No. 1057 EDA 2015 |

Appeal from the Judgment of Sentence March 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009285-2011

BEFORE:  OLSON, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                          **FILED APRIL 07, 2016**

Terrell Moten brings this appeal from the judgment of sentence imposed on March 9, 2015, in the Court of Common Pleas of Philadelphia County.  A jury found Moten guilty of criminal conspiracy, but deadlocked on the underlying charge of possession with intent to deliver (PWID).  The trial court sentenced Moten to 18 to 36 months' incarceration, followed by three years' probation on the conspiracy charge.  The trial court's sentencing order also granted the Commonwealth's motion for *nolle prosequi* on the charge of simple possession, and declared a "mistrial hung jury" on the PWID charge. Order of Sentence, 3/9/2015.  Moten contends (1) the evidence was insufficient to convict him of conspiracy to distribute a controlled substance,

_____

[*] Former Justice specially assigned to the Superior Court.

and (2) the trial court erred in sentencing Moten for criminal conspiracy based upon a specific amount of crack cocaine, where the jury deadlocked on the PWID charge and made no finding that Moten possessed or conspired to distribute any amount of crack cocaine. Based upon the following, we affirm.

We adopt the trial court's factual summary, which we have amended based upon the trial record, as follows:

> The trial testimony established that at approximately 5:20 p.m. on April 8, 2011, Police Officers William Phillips and Leonard Wright set up surveillance on the 200 block of Seymour Street in Philadelphia. The officers observed a juvenile standing on the 100 block of Seymour when he was approached by a female. These two engaged in a brief conversation after which the juvenile walked to the southwest corner of Seymour and Knox. The young man proceeded to the alleyway behind the corner house and was out of the officer's view for approximately sixty seconds. The juvenile returned and handed small objects to the woman in exchange for currency. The woman left the area but the police were not able to stop her.
>
> A couple of minutes passed and the juvenile got into the passenger side of a burgundy Cadillac parked on the corner. [The juvenile left the car at 6 o'clock and stood outside again.[1]] A short while later, [at 6:15 p.m.[2]] a male, later identified as Terrence Thompson, approached the driver's window of the Cadillac, and had a brief conversation with the defendant driver [Moten]. [Moten] then exited the vehicle and proceeded to the same alleyway the juvenile had previously entered. Likewise, Moten was out of the officer's sight for about a minute. [Moten] returned and exchanged small objects for currency with Mr.

_____

[1] *Id.* at 41.

[2] *Id.* at 154.

Thompson, who then left the area. Thompson was stopped around the corner and recovered from his person was one clear vile with an orange top containing [83 milligrams (.083)[3]] of crack cocaine. Moten then returned to the Cadillac.

[Moten] and the juvenile [sat[4]] in the vehicle for a while [after[5]] another vehicle pulled alongside and gave [Moten's] Cadillac a jump start and left the area. The juvenile exited [Moten's] vehicle and stood on the same corner that he had previously been standing. [Moten] started to leave the area when he was stopped at the intersection of Green and Queen Lanes. Officers recovered 2.567 grams of crack cocaine from the alleyway that both the juvenile and [Moten] had been observed frequenting. Five hundred ninety-nine dollars was subsequently recovered from the defendant as well as one hundred fifty one dollars from the juvenile.

Trial Court Opinion, 7/1/2015, at 3–4 (record citations omitted).

Moten was convicted and sentenced as set forth above. The trial court thereafter denied Moten's motion for reconsideration of sentence, and this appeal followed.[6]

Moten first contends the evidence was insufficient to convict him of conspiracy of possession to distribute crack cocaine. Specifically, Moten argues that "the Notes of Testimony do not reflect 'unity of purpose or

---

[3] N.T., 5/21/2014, at 54; Commonwealth Exhibit C-14.

[4] *Id.* at 61 ("[A]fter the vehicle was – after they got maintenance on the vehicle, the vehicle was jumped, [the juvenile], actually did go back and sit in the vehicle for approximately – for a couple of minutes.").

[5] *Id.* at 61.

[6] Moten timely complied with the order of the trial court to file a statement of errors complained of pursuant to Pa.R.A.P. 1925(b).

action' between Moten and his alleged juvenile co-conspirator[.]" ***See*** Moten's Brief at 18.

The Commonwealth takes the position that this issue is waived because Moten filed a deficient Pa.R.A.P. 1925(b) statement that did not sufficiently identify this issue.

Here, Moten filed a concise statement in which the first ten paragraphs were preceded by the heading, "Procedural and Factual Background." The following ten paragraphs, Paragraphs 11 to 21, were preceded by the heading, "Matters Complained of on Appeal," and the following sub-heading:

> A. The Trial Court erred by sentencing Moten for conspiracy to distribute a specific amount of crack cocaine, where the jury deadlocked on the PWID charge that had been filed against Moten, his co-conspirator was acquitted of PWID and conspiracy, and the jury made no finding that Moten conspired to distribute any specific amount of crack cocaine.

Moten's Pa.R.A.P. 1925(b) Statement, 4/22/2015, at 3. In Paragraph 19, Moten alleged:

> In the absence of: (i) a conviction of Moten for PWID; (ii) a conviction of his co-conspirator, B.J.A., of either PWID or Conspiracy;[7] and/or (iii) a factual finding by the jury that the object of the conspiracy of which Moten was convicted was to distribute 3.3 grams of crack cocaine, or any lesser amount

---

[7] Contrary to Moten's position in his Pa.R.A.P. 1925(b) statement, we note that "the express language of the [conspiracy] statute [18 Pa.C.S. § 903] does not require that an alleged co-conspirator be charged or convicted of the conspiracy. Moreover, our Courts have held that the acquittal of a defendant's sole alleged co-conspirator does not preclude prosecution and conviction of that defendant on a conspiracy." ***Commonwealth v. Fremd***, 860 A.2d 515, 521 (Pa. Super. 2004).

above zero, the evidence was insufficient for the jury to convict Moten of Criminal Conspiracy. **See Commonwealth v. Pappas**, 845 A.2d 829, 835–36 (Pa. Super. 2004) ("The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, <u>there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt</u>.").

**Id.** at ¶19 (underlining in original).

We note the trial court did not address Moten's sufficiency issue in its Rule 1925(a) opinion, and find no fault with the trial court in light of the fact that Paragraph 19 was stated beneath Moten's sub-heading indicating he was challenging the trial court's error in "sentencing Moten for conspiracy to distribute a specific amount of cocaine[.]" However, to the extent Moten worded Paragraph 19 in terms of sufficiency of the evidence, included case citation regarding the standard of review for sufficiency of the evidence, and identified the requested relief as discharge of Moten, or in the alternative, resentencing, **see** ¶¶20–21, we decline to find waiver.

"A claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000).

The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute its judgment for that of the fact-finder. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the

combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. The entire record must be evaluated and all evidence actually received must be considered. The trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Ratsamy*, 934 A.2d 1235-36, 1237 (Pa. 2007)

(citations and quotation marks omitted).

The Pennsylvania Crimes Code defines conspiracy as follows:

A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903(a).

Moten states that "[t]o sustain a conviction of Criminal Conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent, and (3) an overt act done in furtherance of the conspiracy." Moten's Brief at 16–17, *citing Commonwealth v. Bricker*, 882 A.2d 1008, 1016 (Pa. Super. 2005). Moten continues: "The primary element of criminal conspiracy is an illicit agreement, and the Commonwealth had the burden to prove, beyond a

reasonable doubt, that Moten was 'part of an agreement in furtherance of criminal activity.'" Moten's Brief at 17, citing **Commonwealth v. Ocasio**, 619 A.2d 352, 355 (Pa. Super. 1993).

Moten relies on **Commonwealth v. Lamb**, 455 A.2d 678, 685 (Pa. Super. 1983), wherein "this Court observed that 'a mere association between several alleged co-conspirators or their mere presence at the scene of the crime is not enough to establish that there has been a criminal conspiracy.'" Moten's Brief at 17. Moten cites **Commonwealth v. Pitman**, 393 A.2d 759, 761 (Pa. Super. 1978) for the principle that "evidence sufficient to prove a criminal conspiracy must show 'unity of purpose or action.'" Moten's Brief, at 17. According to Moten, the Commonwealth failed to show a "unity of purpose or action" between himself and the juvenile. Moten maintains:

> The evidence in this case can be accurately summarized as follows: Police Officers see a teenager, B.J.A., engage in a suspected drug deal in Germantown, but his customer disappears and the teenager gets in Moten's car, out of the rain. Forty-five minutes later, Moten engages in a suspected drug deal, where the customer, Terrence Thompson, is later apprehended with a vial of crack in his coat pocket. Moten took no visible part in the teenager's suspected deal, and 45 minutes later, the teenager took no part in Moten's suspected deal. As for the sandwich bag filled with 35 vials of crack that Officer Toland recovered from the alley behind the corner house, there was no testimony as to who put it there, and no officer was able to observe what B.J.A. or Moten did in the back alley. … Two suspected transactions, separate in time and participants and without evidence of concerted action, do not add up to a conspiracy.

Moten's Brief at 19–20. We find no merit in this argument.

Recently, we stated:

As to the sufficiency of evidence offered to prove conspiracy, this Court has observed:

[c]ircumstantial evidence may provide proof of the conspiracy. The conduct of the parties and the circumstances surrounding such conduct may create a "web of evidence" linking the accused to the alleged conspiracy beyond a reasonable doubt. Additionally:

An agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail.

**C***ommonwealth v. Irvin*, ____ A.3d ____, ____ [2016 PA Super 27] (Pa. Super. 2016) (citations omitted). Here, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude the evidence was sufficient to establish the conspiracy charge.

The transactions by the juvenile and Moten occurred in the presence of each other, at the same place, within approximately 45 minutes. In each instance, the juvenile and Moten, after being approached by an individual, left and entered the same alleyway, returned within about a minute, and handed over objects in exchange for currency. After the juvenile's transaction, and after Moten's transaction, the juvenile sat with Moten in Moten's vehicle. Furthermore, a **single** clear sandwich bag, filled with 35

vials of crack cocaine (26 of which matched the vial recovered from Moten's buyer) was recovered from the alleyway.[8] On this record, we find there was sufficient circumstantial evidence to prove an agreement between Moten and the juvenile to coordinate the distribution of the crack cocaine.

In his second issue, Moten argues the court erred in sentencing him for conspiracy to commit PWID based upon the weight of the cocaine, where the jury deadlocked on the PWID charge and made no finding that Moten possessed or conspired to distribute any amount of cocaine.[9] In this appeal, Moten claims the sentencing court erred by using an offense gravity score (OGS) of "7" in applying the sentencing guidelines.[10] He maintains "there was essentially no OGS for the lower court to apply." Moten's Brief at 22.

_____

[8] *See* N.T., 5/20/2014, at 71–72, 188; N.T., 5/21/2014, at 13–24. The clear vial with crack cocaine recovered from Moten's buyer had an orange cap; of the clear vials containing crack cocaine that were found in the plastic bag in the alleyway, 26 had orange caps and 9 had yellow caps.

[9] We note this case does not involve a violation of the rule against judicially imposed mandatory minimum sentences set forth in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Here, the sentence was imposed pursuant to advisory, rather than mandatory, guidelines; therefore, the Sixth Amendment is not implicated. *See United States v. Booker*, 543 U.S. 220 (2005).

[10] With an OGS of "7", and Moten's prior record score (PRS) of "2", the standard range for PWID (2.5 <10 gms) is 12 to 18 months, plus or minus 6 months. N.T., 3/9/2015, at 6. The trial court sentenced Moten to 18 to 36 months, plus three years' probation. *Id.* at 17.

A claim of improper calculation of offense gravity score implicates the discretionary aspects of sentencing. *Commonwealth v. Archer*, 722 A.2d 203, 210–211 (Pa. Super. 1998) (*en banc*).

The Commonwealth, in its brief, takes the position that Moten did not preserve the claim he now raises on appeal — i.e., that there is no OGS for the trial court to apply — because in his motion to reconsider sentence Moten only claimed that the OGS "should have been calculated as a 5." *See* Commonwealth's Brief at 12–13; Moten's Motion to Reconsider Sentence, 3/13/2015, at ¶3. In addition, the Commonwealth contends Moten has waived his claim because he failed to include a Rule 2119(f) statement in his brief.[11] *See* Commonwealth's Brief at 13–14. We need not address the Commonwealth's position that the claim was not preserved in Moten's motion to reconsider sentence, since we agree with the Commonwealth that

---

[11] Rule 2119(f) provides:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter **shall** set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement **shall** immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f) (emphasis supplied).

we are precluded from addressing the discretionary aspects claim due to the lack of a Rule 2119(f) statement. [12]

"When challenging the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code." *Commonwealth v. McNear*, 852 A.2d 401, 407 (Pa. Super. 2004) (citations omitted); *see also* Pa.R.A.P. 2119(f). "If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim." *Commonwealth v. Karns*, 50 A.3d 158, 166 (Pa. Super. 2012) (citation omitted).

Here, given the Commonwealth's objection to the absence of the Rule 2119(f) statement, we may not review the claim.[13] *See id*. *See also*

_____

[12] We reject Moten's argument in his reply brief that his claim implicates the legality of his sentence in that the sentence imposed by the trial court exceeded the mandatory minimum sentence for drug offenses provided in 18 Pa.C.S. § 7805, which was held unconstitutional in *Commonwealth v. Mosley*, 114 A.3d 1072 (Pa. Super. 2015). *See* Moten's Reply Brief at 5–6. As we have noted, the sentence under appeal was not imposed pursuant to a mandatory minimum statute, but rather the trial court applied the sentencing guidelines. As such, Moten's claim implicates the discretionary aspects of sentencing, thereby necessitating a Rule 2119(f) statement.

[13] Moten's argument in his reply brief that this Court can overlook his failure to include in his brief a concise statement of reasons relied upon in challenging discretionary aspects of sentencing fails in light of the

*(Footnote Continued Next Page)*

*Commonwealth v. Batts*, 125 A.3d 43–44 (Pa. Super. 2015), *citing **Karns, supra***; ***Commonwealth v. Dawson,*** \_\_\_ A. 3d \_\_\_ [2015 PA Super 256] (Pa. Super. 2015) (denying appellant's petition for permission to appeal the discretionary aspects of her sentence, where Commonwealth lodged objection to appellant's failure to include a Rule 2119(f) statement in her brief). Accordingly, Moten's discretionary aspects of sentencing claim is waived.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2016

---

*(Footnote Continued)* ——————————

Commonwealth's objection. ***See Commonwealth v. Krum***, 533 A.2d 134, 138 (Pa. Super. 1987) (when objection has **not** been made by the appellee, "failure to comply with Rule 2119(f) **may** be overlooked.") (emphasis added).